[PHILADELPHIA, JANUARY 16, 1841.]

## MANGE *against* GUENAT.

### EQUITY.

1. Under the act of the 16th of June, 1836, § 13, this court had no power to compel a discovery of deeds and other papers, excepting where such discovery was material to the determination of an issue depending in this court.

2. Equity will not compel a party in possession of land, to deliver up the title deeds to a person claiming the title to the land. If the latter recover possession of the land at law, equity will then compel the delivery of the title deeds to him.

THIS was a suit in equity, instituted by Mark S. Mange, assignee of Benjamin Davis, Jr. against Margaret Guenat.

The bill, which was filed on the 30th of January, 1839, set forth that the defendant, "Margaret Guenat, of the city of Philadelphia, widow, has in her possession, care and control, sundry valuable deeds, drafts, books, papers, receipts for taxes, instruments of writing, and muniments of title, which pertain and rightfully and lawfully belong to the trust estate of the said Benjamin Davis; and rightfully and lawfully pertain and belong to your orator, as assignee in trust of the said estate, and which are indispensably necessary to be open to the inspection, under the supervision, and subject to the control, and in the possession and care of your orator, in order to enable him duly to perform his duties as assignee in trust aforesaid, and to enable him to know the quantity, nature, and extent of the said trust estate, and to obtain due possession, and make due disposition thereof according to the intent of the trust aforesaid; the precise nature, and extent, and description of which deeds, drafts, books, papers, receipts, instruments of writing, and muniments of title your orator is unable to describe, as they have been withheld from his inspection by the said Margaret Guenat. And your orator further saith, that the said Margaret hath no rightful nor legal title to retain the deeds,

(Mange *v.* Guenat.)

drafts, books, papers, receipts, instruments and muniments of title aforesaid; that she hath admitted to your orator that she had them or a portion of them in her possession and control; that she at one time promised to submit them to your orator's inspection, but has since refused so to do; and that your orator hath requested and demanded that the said Margaret should submit the said deeds, books, papers, &c. &c. to the inspection of your orator, and deliver the same to him; both of which she has refused, and still refuses to do. And your orator further showeth that the circumstances under which the said deeds, books, papers, &c. came into the possession of the said Margaret Guenat, and your orator became entitled to examine, receive, use, and possess the same, were as follows, viz.: on the first day of November, A. D., seventeen hundred and eighty-five, the said Benjamin Davis, by deed of indenture or assignment, which is duly recorded in the office for the recording of deeds in and for the city and county of Philadelphia, in Deed Book D. No. 18, pa. 326, &c., (and the original of which is in the possession and control of the said Margaret Guenat,) assigned unto James Craig, Jr., and Edward Bartholomew, their heirs and assigns, (the said James Craig being the father of the said Margaret Guenat,) all the estate, real, personal and mixed, of him the said Benjamin Davis, Jr., in trust for the benefit of his creditors, and for other purposes as therein expressed, and as by reference thereto will more fully appear; a copy of which your orator here brings into court; that among the estate so assigned were divers tracts of land, the precise location, character of title, and quantity of which your orator does not precisely know, for want of the deeds, papers, and muniments of title, in possession of the said Margaret Guenat, which said lands still remain undisposed of; that the said James Craig, Jr., and Edward Bartholomew both died without having fully disposed of the said estate, and before having fully performed the duties of said trust; that, after the decease of the said James and Edward, the deeds, books, papers, drafts, receipts for taxes, and evidences of title aforesaid, came into the possession, care, and control of the said Margaret Guenat by virtue and by reason of her being the daughter and the heir at law of the said James Craig, Jr.; and that subsequently, to wit, on the twentieth day of September, A. D., eighteen hundred and thirty-seven, the Court of Common Pleas, for the city and county of Philadelphia, in pursuance of the act of assembly, in such case made and provided, appointed your orator assignee in trust of the said Benjamin Davis, Jr., and of his said estate; and your orator thereupon took upon himself the office or appointment of assignee aforesaid, and made the demand aforesaid, and received the refusal aforesaid of the said Margaret.

And under the circumstances aforesaid your orator charges and insists that he ought to have access to and inspection of the said deeds, papers, books, drafts, receipts for taxes, instruments of

writing, and muniments of title, and that the same ought to be delivered up to him for the purposes aforesaid."

The bill then prayed a discovery of the deeds and other documents and papers; and that the defendant might be ordered to deliver them up to the complainant, and to produce and leave the said deeds and other documents and papers in the hands of the prothonotary of this court, or otherwise as the court might direct; and that the complainant might have liberty to inspect them; and for further relief in the premises.

By the abstract of the deed of assignment referred to in the bill, it appeared that Benjamin Davis, Jr., of the Northern Liberties, by indenture dated Nov. 1, 1785, conveyed to James Craig, Jr. and Edward Bartholomew, their heirs, executors, administrators and assigns,· all the estate, real, personal and mixed, of the said Davis, "In trust that the said James Craig, Jr., and Edward Bartholomew, and the survivor of them, and the heirs, executors and administrators of such survivor, shall with all convenient speed sell and convey all the said estate; and distribute the moneys arising from the sale among the following creditors, viz. James Craig, Jr., Edward Bartholomew, John Davis and others, (specified by name) in payment of the debts due to them in full, or in proportion to their several claims: the overplus, if any, to be distributed among such other creditors whose claims shall amount respectively to £300 Pennsylvania currency, and upwards.    If there shall be any further overplus, the same to be paid to the said Benjamin Davis, Jr., his executors; administrators or assigns," &c.

The defendant demurred to the bill; alleging for cause of demurrer, " that the said complainant hath not by his said bill made such a case as entitles him in a court of equity to any discovery or relief from or against this defendant, touching the matters contained in the said bill, or any of them: and for further demurrer in this behalf, this defendant, as to the discovery and relief, sought by the said bill for cause of demurrer saith, that no person or persons by the ancient and approved rule of equity, shall exhibit a bill of complaint in this honourable court against any other person or persons for a discovery of deeds and writings belonging to such complainant, and upon which, if in his possession, he might have remedy at law, and pray relief relating thereto, unless such complainant or complainants shall at the time of exhibiting such bill make affidavit that he, she or they have not such deeds and writings so sought after in his, her, or their custody and power.    Wherefore, and for that the said complainant hath not made affidavit of not having the deeds and writings in his custody or power, so sought after by the said bill, this defendant doth demur to the said bill as aforesaid: And this defendant, for further cause of demurrer showeth, that the said

(Mange *v.* Guenat.)

complainant can have an effectual and complete remedy in a court of law: And for further cause of demurrer this defendant showeth, that this court hath no jurisdiction in the premises; wherefore, and for divers other good causes of demurrer appearing in the said bill of complaint, this defendant doth demur to the said bill, and to all the matters and things therein contained; and prays the judgment of this honourable court, whether she shall be compelled to make any further or other answer to the said bill," &c.

The cause now came before the court upon the demurrer.

Mr. *R. E. Evans* and Mr. *M'Call,* for the defendant—

The act of the 16th of June, 1836, gives jurisdiction to this court in the case of equitable discovery only where there is an issue depending; which is not the case here. Relief will be given only where an action is pending, commenced, or contemplated. *Hare on Discovery,* 110. *Story's Eq. Plead.* § 321, p. 261. *Shaw* v. *Shaw,* (12 *Price,* 163.) The complainant don't even aver positively that the property belongs to him; which is necessary. *Story Eq. Plead.* § 257, p. 214. The powers of chancery are over trustees. Equity does not aid them in fulfilling their trusts. *Jeremy's Equity,* 466. If the complainant is not entitled to relief, he is not entitled to a discovery. *Armitage* v. *Wadsworth,* (1 *Madd. Ch. Rep.* 189.) *Crow* v. *Tyrrell,* (3 *Madd. Ch. Rep.* 179.)

Mr. *Earle, contra.*—

The complainant is without remedy if this equitable relief is denied to him, since he cannot bring replevin, being unable sufficiently to describe the papers. This is a bill for relief, and the discovery is incidental to it. *Jeremy's Eq.* 466. 262. The case comes within the 13th section of the act of the 16th of June, 1836. In a bill for discovery and relief an affidavit that the plaintiff had not the papers, is not necessary. *Story's Eq. Plead.* 475. *Hare on Discovery,* 7, &c.

The opinion of the court was delivered by

SERGEANT, J.—This is a bill for discovery of deeds and other muniments of title relating to lands, &c., to enable the plaintiff to inspect them, and to compel the delivery over of the deeds and other papers to the complainant; to which there is a demurrer. The question is, whether the bill is sustainable on either of the points of view it presents. As a bill for relief by ordering the defendant to deliver up the deeds and papers, it is not sustainable, because the complainant has not placed himself by his bill in the position of one entitled to relief of this kind. To have these deeds and papers delivered over to him, the plaintiff must show that he has a legal title to the deeds and papers as against the defendant. But this he

(Mange v. Guenat.)

does not do. *Non constat* but that the defendant has a better title to them than the complainant. The deeds and papers belong ordinarily to him who is in possession of the land; and if the defendant is in possession, it would be asking us to take them from him who has the right, to give them to another. In *Crow* v. *Tyrrell*, (3 *Madd. Ch. Rep.* 182,) the rule is thus stated. " The possession of title deeds is incidental to the possession of the estate, but cannot be recovered with the estate at law. This court, therefore, will give the title deeds to him who has at law recovered the possession of the estate; but its jurisdiction in this respect is confined to the possession of the estate. If, then, the plaintiff recover the possession of the estate at law, then, and not till then, he may come here for the possession of the title deeds." To the same effect is *Armitage* v. *Wadsworth*, (1 *Madd. Ch. Rep.* 193.)

The other prayer, that the defendant may place the deeds &c. in the hands of the prothonotary for inspection, is incidental to the discovery. *Crow* v. *Tyrrell*, (2 *Madd. Ch. Rep.* 408.) If the discovery can be had, this may follow, but without the discovery it cannot be had.

It is plain, however, that the great object of the plaintiff in this bill, is to obtain a discovery of certain deeds and papers relating to the estate of the assignor : and if this court had possessed jurisdiction when this bill was filed, it is possible that the plaintiff has an equity to compel such discovery, provided he presented his case with the proper averments. But the jurisdiction of this court, when the present bill was filed, depended entirely on the act of the 16th of June, 1836, sec. 13, by which the jurisdiction of this court, and of the Common Pleas, is confined to " the discovery of facts material to a just determination of issues and other questions arising or depending in the said courts." Now this bill does not aver that any issue is depending between the plaintiff and the defendant, or any person, in this court, or in any court; or that any question has arisen or is depending therein. It follows of course, that the court had no jurisdiction of this bill as a bill of discovery, or of any thing merely incidental thereto.

By the act of the 13th of June, 1840, the equity jurisdiction of the Supreme Court and Court of Common Pleas, within the city and county of Philadelphia, is extended to all cases arising in the said city and county, over which the courts of chancery entertain jurisdiction on the grounds of fraud, accident, mistake or account. This act may perhaps afford a full remedy in cases of discovery: but it is certain that under the prior law it was restricted to particular cases.

It has not seemed necessary to decide what the rule is as to a demurrer to a bill seeking discovery and relief: and whether the English rule applies, that it is sufficient to show that the plaintiff is not entitled to the relief which he prays; because in the present case

(Mange *v.* Guenat.)

we think the plaintiff has not made out a case either of relief or discovery.

Demurrer allowed.