### BROWN v. PALMER et al.

(Circuit Court, E. D. Pennsylvania. December 16, 1907.)

#### No. 3.

DISCOVERY—BILL AGAINST PARTNER—TRANSACTIONS OF COPARTNER.

> The surviving member of a firm of brokers which purchased stock of a corporation for a customer, and caused the same to be transferred to a clerk in its office, may be compelled to disclose the name of the true owner on a bill of discovery filed by a receiver for the corporation who has been ordered by the court to collect an assessment on such stock, and cannot evade such discovery on the ground that he did not personally conduct the transaction.

> [Ed. Note.—Persons against whom production and inspection of books or writings may be obtained, see note to Cassatt v. Mitchell Coal & Coke Co., 81 C. C. A. 96.]

In Equity. On bill of discovery and answer.

Burr, Brown & Lloyd, for complainant.
A. H. O'Brien, for respondents.

HOLLAND, District Judge. This is a bill in equity filed by Arthur K. Brown, receiver of the American Alkali Company, against Stephenson Bros., stock brokers of Philadelphia. The alkali company was a corporation organized under the laws of the state of New Jersey for manufacturing purposes. The certificate of incorporation is dated April 29, 1899. The capital was $30,000,000, divided into 600,000 shares of the par value of $50 each, of which 120,000 shares were preferred stock and 480,000 shares were common stock. The preferred stock was all issued, and $10 per share paid on account of the par value by the original stock subscribers thereto, leaving a balance of $40 per share, subject to call. The entire common stock was issued full paid. The company became insolvent, and on the 9th day of September, 1902, receivers were appointed in the United States Court for the District of New Jersey, and on September 11, 1902, the same receivers were appointed in this district in ancillary proceedings instituted here, one of whom died before the bringing of this suit. On July 17, 1905, the Circuit Court of New Jersey directed the assessment of $2.50 per share on the preferred stock for the purpose of paying the debts of the company and expenses of receivership. The receivers, in pursuance of these directions, did, on September 19, 1905, levy an assessment of $2.50 per share on the holders of the preferred stock, payable in 15 days from that date. Among the registered

holders of the preferred stock on the 19th day of September, 1905, was one R. M. Palmer, in whose name there was registered 400 shares of stock. · The bill alleges that the said R. M. Palmer is not and never was the owner of these 400 shares of preferred stock, but that Stephenson Bros., stock brokers, had purchased this stock for account of persons unknown, and placed the same in the name of R. M. Palmer, who was a clerk in the employ of the said Stephenson Bros., for the purpose of concealing the name of the real owner, that R. M. Palmer has no knowledge as to the names of the persons owning the same, and that it is proposed to bring suit against such persons when their identity is ascertained, for the purpose of recovering the amount of the assessment. The answer of George H. Stephenson admits that R. M. Palmer, in whose name the stock was registered, is not the owner of the stock, and that the respondent and his brother, Walter B. Stephenson, were engaged in the business of buying and selling stock on the Philadelphia Stock Exchange at the time of the issuance of the certificates of stock in question, but avers since that time the firm has been dissolved by the death of Walter B. Stephenson, and has had no existence as a firm since March, 1901. The respondent further denies:

"That said certificate or shares of stock were purchased by him or by the late firm of Stephenson Bros., or that he, or said late firm, by or through him or his instructions, ordered, requested, or directed the agents of the American Alkali Company to place said certificate in the name of R. M. Palmer, or to issue new certificates in the name of said Palmer, and the defendant further answers and says that neither he nor the late firm of Stephenson Bros. is or was the owner of any of the said shares or certificate of stock in said bill mentioned."

It will be noticed there is no denial that the firm of Stephenson Bros. caused the stock to be placed in the name of Palmer, nor is there any denial that the respondent, George H. Stephenson, is possessed of the knowledge of the present ownership. The respondent is the surviving member of the firm of Stephenson Bros., and his answer only denies that he did not cause the stock to be placed in the name of Palmer, nor cause the firm to so place the stock "by or through himself or his instructions." The answer is based upon the proposition of law that a bill of discovery will not lie against a mere stranger who casually discovers the identity or liability of another, and the respondent seeks, by his answer, to put himself in that position by denying that he personally gave any direction in regard to the stock by the firm of which he was a member, while at the same time he knew of the transaction and is now in possession of information as to the ownership of the stock. Assuming, then, that the firm of Stephenson Bros. did, through the instructions of a member of the firm other than the respondent, attend to this stock transaction for a client of the firm and place the same in the name of Palmer, it is plain that the firm was brought into confidential relation to the persons for whom the stock was registered and for whom it was held, and whether the firm be dissolved or not at the present time the persons composing that firm at the time the transaction took place and the stock placed in the name of Palmer acquired their information as

to the present ownership of the stock through the confidential relation created by the employment of the firm to register and hold it. Respondent at the time of the registration of the stock stood in the confidential relation of broker or agent to the owner, and as such broker or agent acquired his knowledge of ownership. He is not, therefore, in the position of a stranger who casually obtains information and who can be called as witness, but is clearly a party possessing information against whom discovery is sought that brings him within the principle laid down in the case of Brown v. McDonald, 133 Fed. 897, 67 C. C. A. 59, 68 L. R. A. 462.

That George H. Stephenson cannot divest himself of the responsibility of discovery of whatever information he may possess which was obtained while a member of the firm through his confidential relationship with his client is so obvious as not to require any elaborate discussion or the citation of authorities. The sole object of partnership is to invest each partner with the power to charge the others, and the liability of each partner for the acts of the others done in the course of the firm's business follows as a matter of course. It is, of course, elementary law that a partner is liable for the contracts made for the firm by a single partner. It is equally well settled that:

"A firm is liable for any loss or injury caused to any person not a member of the firm, or for any penalty incurred by any wrongful act or omission of a partner acting in the ordinary course of the business of the firm, or with the authority of his copartners. The extent of the firm's liability is the same as that of the partner so acting or omitting to act." 22 Amer. & Eng. Ency. of Law (2d Ed.) 166.

All the members of a firm have been held liable for the misrepresentations of one of its members in the transaction of firm business. Castle v. Bullard, 64 U. S. 172, 16 L. Ed. 424. This personal liability has not been extended, by these authorities, to a discovery of information obtained as a member of a copartnership, but there is every reason to hold each member of a firm to answer when possessed of knowledge of firm transactions. He obtained the information through the confidential relation arising out of his connection with the firm, and he participated with his partner in the transaction of the business, received his share of the profit, and shared the responsibility to the real owner. The transaction was effected with the knowledge and evident assent of the respondent, and there is no substantial reason why he should not answer the plaintiff's bill, and inform him as to the present owner of the stock.

Counsel for the plaintiff will therefore prepare a decree accordingly.