## BROWN v. HUEY et al.

### (Circuit Court, E. D. Pennsylvania. December 28, 1908.)

### No. 31.

DISCOVERY (§ 15*)—RIGHT TO RELIEF—OWNER OF CORPORATE STOCK.

The receiver of a corporation was entitled to maintain a bill to compel brokers to disclose the names of clients for whom they purchased stock in the corporation, to whom the same was not transferred on the corporation's books, in order that the receiver might enforce the liability of such owners for unpaid calls.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 16; Dec. Dig. § 15.*

Persons against whom production and inspection of books or writings may be obtained, see note to Cassatt v. Mitchell Coal & Coke Co., 81 C. C. A. 96.]

In Equity. Overruling demurrer.

Burr, Brown & Lloyd, for complainant.
Samuel W. Pennypacker, for respondents.

HOLLAND, District Judge. This is a bill in equity, filed by the receiver against Huey & Co., brokers, asking them to disclose to the receiver the names of the persons for whose account they purchased certain certificates of Alkali preferred stock. A demurrer was filed by the defendants, setting forth five grounds of objection to the bill; but at the argument counsel for demurrants insisted upon only one, to wit, that the bill is insufficient in law, "because discovery is sought against the defendants, who are strangers to the proceedings in issue,

and may properly be subpœnaed as witnesses in any action to be brought."

The principle involved in the objection raised to the plaintiff's bill has been considered by the Circuit Court and Circuit Court of Appeals of this district a number of times, and the point finally settled against the contention of the defendants. The cases referred to are Brown, Receiver, v. McDonald, 133 Fed. 897, 67 C. C. A. 59, 68 L. R. A. 462, Kurtz v. Brown, 152 Fed. 372, 81 C. C. A. 498, and Brown, Receiver, v. Palmer (C. C.) 157 Fed. 797. In these three cases the bills of discovery were filed by the same plaintiff against stockbrokers to compel the discovery by the defendants of the names of their clients. In each of the three the court finally granted the discovery asked for, and, if the facts of this case were identical with those of the Circuit Court of Appeals on the subject, they would be conclusive. The facts are slightly different. The defendants are stockbrokers, and purchased the stock in the market, but did not take it to the office of the corporation and have it placed in the name of any particular person, simply accepting the certificate in the name in which it was registered when they purchased it, to wit, one certificate in the name of George W. Mactague and another certificate in the name of James Allen. The bill alleges the defendants have replied to the receiver:

"That they are not and never were the real owners of said certificates, and that they are unwilling to furnish to your orator [receiver] either the name of the person or persons for whose account they purchased said certificates or the name of the person or persons to whom they delivered the same."

In the McDonald Case, supra, the stockbroker had purchased the certificates and had them registered in the name of McDonald, against whom the bill was filed. In the Kurtz Case, supra, Kurtz was the broker who purchased the stock; but, instead of holding the certificate, as Huey in this case did, he presented it to the company and had it registered in the name of Magee. The bill was filed against both Kurtz and Magee, but Magee failed to answer and a decree was made against Kurtz. In the Stephenson Case, supra, the facts are similar to those in the Kurtz Case, with the exception that one of the partners of the firm of Stephenson & Bros. had died and they had gone out of business, and George B. Stephenson, who was in possession of the knowledge as to the ownership of the stock that had been placed in the name of Palmer, the dummy, by the firm, sought to escape answering because he personally did not direct the stock to be placed in the name of Palmer.

It will be noted that in the McDonald Case the bill was filed against the dummy, while in the two latter cases it was filed against the broker, who had, in addition to purchasing the stock, directed how it should be registered; whereas, in the case at bar, the broker held the stock in the name of the person in whom it was registered when purchased. He delivered it in that form to the owner, his customer, and he now asserts he is not required to discover who that owner of the stock was at the time of the assessment, because he is a mere stranger or witness, who can be called to testify in a suit and cannot be called upon to answer this bill. But in what suit? Against whom can suit be

brought, unless Huey & Co. answer? It is obvious that the same necessity for requiring this defendant to answer exists which appealed so strongly to the Circuit Court of Appeals in the McDonald and Kurtz Cases. If defendant is not required to tell the receiver who were the owners of the stock, they will escape their share of the burden in paying the debts of this insolvent corporation. The receiver can proceed no further to hold the owner of these certificates responsible. Discovery should therefore be allowed, unless the slight difference of facts takes this case out of the ruling in McDonald and Kurtz Cases.

The ground upon which McDonald was held to be liable to answer by Judge Acheson, of the Circuit Court of Appeals, was that he was more than a mere witness and stood "in a confidential relation to the person for whom the stock was purchased and for whom it was held." Judge Buffington, for the Circuit Court of Appeals, in the Kurtz Case, in which the bill was filed against the broker, who had purchased the stock and placed it in the name of a dummy, sustained the bill and required the broker to answer. He said, referring to 2 Story's Jurisprudence, § 1488:

"True, he states it is ordinarily a good objection to a bill of discovery that it seeks the discovery from a mere witness who has no interest in the suit. Unless, therefore, Kurtz stands in the relation of a mere ordinary witness to the cause, there would seem to be no ground of denying complainant relief. That he is a witness and not a party is clear, in that no relief, other than mere discovery, is sought against him; but that he has by his conduct so connected himself with the subject-matter of the proposed suit that he is treated as wholly different from a mere witness is equally clear."

As was said in Orr v. Diaper, 4 Ch. Div. 92:

"The proceedings have come to a deadlock, and it would be a denial of justice if means could not be found in this court to assist the plaintiffs."

These defendants are not mere witnesses who have acquired information in regard to the ownership of this stock simply by accident, without having any connection or interest in the same. They had an interest in the stock to the extent of being the agents for the purchasers and owners, and in the transaction they occupied the same confidential relation to the owner that Kurtz did to the real owner of the stock in that case, and should be required to answer.

The demurrers are overruled, and defendants directed to answer within 20 days from this date.