Compton, Trustee, *v.* International Harvester Co. of America, Appellant.

Argued May 27, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*John R. Geyer,* with him *Paul G. Smith,* for appellant. —A bill for discovery only in aid of an action at law against a corporation will not lie without joining an officer or agent of defendant as a party since the corporation itself only answers the bill and the interrogatories attached thereto under corporate seal and an answer under oath is of the essence of discovery: Davenport Co. v. R. R., 166 Pa. 480; Bank v. Coal & Iron Co., 31 W. N. C. 503; Wright v. Dane, 1 Metc. 237; Venango Co. v. Bridge Co., 14 Pa. Dist. R. 221.

Defendant's answer was responsive to the averments of the bill: Sherwood Bros. v. Cab Co., 283 Pa. 488; Lesser v. Henry, 50 Pa. Superior Ct. 440; Bains v. Goldey, 35 Pa. 51.

Plaintiff is not entitled to the discovery asked for because the bill avers the doing of such acts and the matters are so charged as to permit defendant, its officers, agents and employees, to avail themselves of their constitutional right not to give evidence against themselves: O'Connor v. Tack, 2 Brewster 407; Bank of U. S. v. Biddle, 2 Parsons 31; Sheipp Mfg. Co. v. McConnell, 17 Pa. Dist. R. 749.

Plaintiff has a full, complete and adequate remedy at law.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellee.—An officer need not be joined as a party defendant.

The answer is not responsive because it does not deny the removal of personal property: Lesser v. Henry, 50 Pa. Superior Ct. 440; Bains v. Goldey, 35 Pa. 51; Wolfskill v. Edris, 5 Berks Co. R. 145.

The bill has not been sufficiently answered.

Under Pennsylvania criminal law it is impossible to bring a criminal action against a corporation; in other words no criminal action of any nature or kind whatsoever can be brought against defendant corporation for any act which it did in removing the property alleged: Del. Div. Canal Co. v. Com., 60 Pa. 367; Com. v. Ry., 24 Pa. C. C. R. 25; Com. v. Cochran, 16 Pa. Dist. R. 313.

Plaintiff has not a full, complete and adequate remedy at law: Lehigh Val. R. R. v. Graham, 64 Pa. Superior Ct. 437; Lesser v. Henry, 50 Pa. Superior Ct. 440; Sherwood v. Cab Co., 283 Pa. 488; Bank of North Am. v. Motor Car Co., 235 Pa. 194.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1929:

This is an appeal by defendant in a bill for discovery in aid of a proceeding at law from a final decree directing it to make discovery and to specifically answer the interrogatories attached to plaintiff's bill.

The bill alleges that plaintiff is trustee of the Keystone Tractor & Implement Company, a bankrupt; that he caused a summons in trespass to be issued against defendant because of the removal by the latter of certain personal property owned by the bankrupt from the bankrupt's stores without its consent; and that he was unable to file a statement of claim because he had no knowledge of the exact amount, nature and kind of the property removed, and no way of obtaining this knowledge except from the books or agents of defendant. It, therefore, prayed discovery, and specifically, as to five interrogatories, asked the disclosure of the nature,

amount and kind of the property taken, the days the removal took place, and the names of the agents or servants of defendant who made the removal. Various objections and answers, the substance of which will appear later, were filed to the bill; the court below found that the answers were not responsive, ruled against defendant on its several objections, and ordered it to answer the interrogatories.

If we gave heed to appellant's contentions, we would be stepping back into the ages when there was more subtlety and scholasticism than there is now in the art of legal procedure and from the directness and celerity of today's methods to the tortuousness and delays of other times, as is evidenced by the fact that this bill was filed September 3, 1926, and its preliminaries are still undisposed of, more than two years and nine months thereafter; and, what is more to the point, we would be running counter to the declared spirit of our equity rules. In promulgating them, on May 23, 1924, we said they were adopted, "for the purpose of making the practice and procedure in equity conform as nearly as may be to the legislature's requirements in regard to the practice and procedure at law." Had this case been on the law side of the court, no such dilatory proceedings as those which have characterized it would have been tolerated.

Appellant's whole contention boils down to this: That as a corporation has no soul it is not required to answer such a bill as this under oath. Its opening proposition in the printed brief is: "A bill for discovery only in aid of an action at law against a corporation will not lie without joining an officer or agent of the defendant as a party since the corporation itself only answers the bill and the interrogatories attached thereto under corporate seal and an answer under oath is of the essence of discovery," and it is asked, "How do you search the conscience of a corporation? It has no soul. It has no fear of God. It has no fear of punishment after death

because it has perpetual existence. It cannot be convicted of perjury." Authority can be found, some of it rather black letter, for the practice of joining an officer of the corporation as a necessary party defendant in such a bill and for the rule that the corporation itself answers only under seal. We think all such rulings have become obsolete in view of our statutes and the equity rules. The Act of May 28, 1913, P. L. 358, provides, without any exception, "That hereafter all bills and answers in equity shall be sworn to," and Equity Rule No. 9 that "All pleadings and amendments thereto and all petitions not founded on matters of record only, must be sworn to before some person other than a party or attorney interested in the cause." As to this rule, it is argued that its only purpose is to designate the character of officer before whom the oath shall be taken. It cannot be so limited. Under former conditions, when corporations were in the main local in character and officers could be served where the corporation could be, there was no hardship in joining an officer as party defendant, but in this day of gigantic corporate entities, country-wide in operation, such a requirement might bring about a complete denial of justice; while the corporation could be served because it was actually in the state with designated agents upon whom service might be made, the officers might all be beyond our jurisdiction.

Appellant's next contention is that the final answer as filed under oath was responsive to the bill and therefore that no further answer is demandable either to bill or interrogatories. Defendant denies "that by its servants and agents it removed certain personal property owned by the Keystone Tractor & Implement Company......from the stores of the......company." The duty to reply to the interrogatories cannot be avoided by such an answer. It does no more than in effect deny that it took property which belonged to the bankrupt. What the trustee wishes to determine is what property, if any, was

taken from the stores. The ownership of that property may be an issue at the trial of the trespass action, but that is not what is sought to be discovered here. "There is no case which establishes the broad propositions contended for by the defendant here, that wherever he denies a fact essential to the plaintiff's recovery, he shall be protected from the discovery of facts or circumstances which would be, in themselves, evidence of the fact so denied. Such a principle would make sad havoc with this head of equitable jurisdiction": Bains v. Goldey, 35 Pa. 51, 53.

The fifth interrogatory asks: "What are the names of your servants, agents or employees who made the removal?" Defendant argues that it should not be compelled to answer this, as its effect is to force a disclosure of the names of its witnesses, and so goes beyond the province of discovery: 18 C. J. 1059. While a bill is not allowed as a fishing expedition, we are not satisfied that such is the case here. If any servants of the corporation did actually participate in the wrongful removal of property, they would themselves be parties to the trespass, and the right to maintain a bill to discover the identity of contemplated defendants has been frequently recognized: 18 C. J. 1059.

The plea of self-incrimination as an excuse for the failure to answer is not justified. The bill charges no more than a simple trespass, which does not involve a crime under our laws. Defendant states that the taking of a bankrupt's property without its consent is in itself a criminal offense, but calls our attention to no such crime. Such penalties as are prescribed by the Federal Bankruptcy Act are for defaults by either bankrupt or trustee, not by third parties. Nor can the corporation refuse to give information as to its servants or agents. The constitutional guarantee is to protect persons from giving evidence against themselves, not against others.

The final objection to the bill is that the plaintiff has a full, complete and adequate remedy at law under sec-

468

tion 21 (a) of the Bankruptcy Act of 1898, which allows a court of bankruptcy to order any "person" to appear in court or before a referee to be examined concerning the acts or property of a bankrupt. As defendant itself contends that a corporation is not a "person" under this section, and as we have decided that the bill need not be directed against an officer or agent, this would seem to dispose of the point. But even if this is not the case, there is no reason why the bill should not lie. A bill of discovery in aid of an action at law is favored in equity, and will be allowed if a more convenient remedy, even though there be a similar process at law: Lesser v. Henry, 50 Pa. Superior Ct. 440. No objection can be made to the bringing of the suit in trespass in our own courts by the trustee in bankruptcy. If the trustee can thus invoke the aid of our tribunals, he should also have the benefit of such ancillary process as is afforded, to its full extent, without being forced into another court.

The decree of the court below is affirmed at appellant's cost.