BLUEFIELD SUPPLY COMPANY, *a Corporation v.* HARRIS BROOME, *et al.*

(No. 8945)

Submitted October 14, 1939. Decided November 7, 1939.

*Arthur F. Kingdon,* for appellant.
*Jerome Katz,* for appellees.

MAXWELL, JUDGE:

This review involves a bill for discovery and a supplemental bill. The trial court refused to permit the latter to be filed, and sustained a demurrer to the former and dismissed it out of court. An appeal was awarded the plaintiff.

In the bill the plaintiff, Bluefield Supply Company, a corporation, alleges that in the months of March and April, 1937, it sold to Mercer County Central Labor Union of Bluefield, West Virginia, a voluntary association, merchandise in the amount of $124.27; that the association has denied liability for the account and declined to furnish the plaintiff any information which will enable it to learn the names of and proceed against those members of the organization who may be responsible for the plaintiff's claim. The defendants to the bill are Harris Broome, C. E. Kirby, and W. E. Whitt, who are alleged by the plaintiff to be the president, vice-president and secretary, respectively, of the named Central Labor Union. It is charged that these persons have refused to the plaintiff the information which it desires, and that it is impossible for the plaintiff to assert its rights without such information.

The plaintiff prays that the defendants be required to make full answer disclosing the membership of the Mercer County Central Labor Union on March 1, 1937, and their respective residences; the names of persons who

were present and voted for the promotion of the Mercer County Central Labor Union pageant, sometimes referred to as "Pocahontas Pageant", which was held at Ramsey School in the year 1937; the names of persons who were present and voted to authorize the purchase of merchandise and supplies for the pageant; the names of persons who were authorized to receive the proceeds of sales of tickets for the pageant, and the persons who actually did receive the same; who, if anyone, was specifically designated an executive or managing committee for the promotion of the pageant; what officer or officers or committee members were to receive and account for the proceeds; what officer or officers or committee members were to pay out the proceeds; whether there was an agreement with any person or persons for the promotion of the pageant, and if so, the terms of the agreement.

In the supplemental bill later tendered by the plaintiff, it is alleged that the plaintiff had come into ownership by assignment of various claims against the Mercer County Central Labor Union, and that thereby the total of plaintiff's claim against the association had been increased from $124.27 to $1736.16. Upon objection of the defendants, the court rejected the supplemental bill. This, we think, was error. If the plaintiff's account has become augmented in the course of the proceedings, we perceive no substantial reason why the plaintiff should not have the right to press its enlarged claim as background for this suit.

The written demurrer filed by the defendants attempted, in part, to inject factual matters not appearing in the bill. These, of course, cannot be considered on demurrer. Other points of demurrer are: That the bill improperly seeks information as to whom, if anyone, may be sued by the plaintiff; that the bill would require the defendants to disclose confidential matters; that the bill asks for information of a private and personal nature, and that the bill sets up no cause of action in favor of the plaintiff against the defendants.

Though ordinarily bills of discovery are employed to obtain information from defendants against whom grounds for relief have been or are about to be alleged, the scope of discovery is not limited to that field. Many cases have held, and in many standard texts it has been stated, that a bill of discovery may be maintained to enable the plaintiff to ascertain whom to sue. *Hurricane Telephone Co.* v. *Mohler,* 51 W. Va. 1, 11, 41 S. E. 421; *Morse* v. *Buckworth,* 23 English Reprints 883; *Dixon* v. *Enoch,* 13 Law Reports (Equity Cases) 394; *Orr* v. *Diaper,* 4 Law Reports (Chancery Division) 92; *Hoppock's Ex'ors.* v. *Railroad Co.,* 27 N. J. Equity 286; *Coca-Cola Co.* v. *City of Atlanta,* 152 Ga. 558, 110 S. E. 730, 23 A. L. R. 1339; *Brown* v. *McDonald,* 133 Fed. 897, 68 L. R. A. 462; *Kurtz* v. *Brown,* 152 Fed. 372, 11 Ann. Cas. 576; 17 Am. Jur., p. 9; Eaton on Equity, sec. 315; 2 Beach on Modern Eq. Jur., sec. 858; Hogg's Equity Principles, sec. 580.

From the bill there appears the materiality of the discovery sought, though its indispensability is not averred. This is sufficient in a pure bill of discovery, such as at bar. *Thompson* v. *Whitaker Iron Co.,* 41 W. Va. 574, 580, 23 S. E. 795.

It is, of course, true that equity will not compel one to disclose information which may lead to his prosecution, or furnish a link in the chain of evidence to convict him. The case last cited recognizes this rule. Nor may disclosure be required respecting privileged communications. Hogg's Eq. Principles, sec. 581. As to confidential or privileged communications generally, consult 1 Greenleaf on Evidence, Chapter XIII, where the subject is dealt with under the heading, "Evidence Excluded from Public Policy." But we are not impressed that the defendants may properly invoke any of these rules of exclusion.

Labor unions are lawful organizations—usually voluntary associations. Lien's Labor Law and Relations, p. 592; Oakes' Organized Labor and Industrial Conflicts, p. 19. Membership in such organization cannot legally operate to any person's discredit. There is no good reason why their membership should be kept secret—certainly not

where dealings are had with third persons by a union, acting through its duly constituted officers or agents. There it occupies the same legal status as any other voluntary association. And if, to protect the rights of third persons, it becomes necessary that the membership of the union be disclosed, such course may be required under a bill for discovery. The fact that it is the policy of a voluntary association that its officers do not disclose its membership does not relieve them of their legal duty to do so when required by a court of competent jurisdiction.

Whether, under a contract entered into between a representative of a voluntary association and a third person, the latter may have relief against all of the members individually or against only those who sanctioned or ratified the contract will depend on the nature of the association. Consult annotations: 41 A. L. R. 754, and 7 A. L. R. 222. But the exact character of the organization may not be known in advance to a creditor seeking information. Therefore, he may require disclosure of the membership, if that reasonably appears necessary in order that he may prosecute his suit. Thereafter, the basis of liability can be determined in a proper proceeding for that purpose, and ascertainment can there be made whether the situation presented is one wherein a relatively few defendants may be deemed representative of many. Story's Eq. Pleadings, secs. 97 and 126; *Simpson & Smith* v. *Engineers,* 83 W. Va. 355, 364, 98 S. E. 580.

For the reasons stated we reverse the decree of the trial chancellor and remand the cause for further proceedings.

*Reversed and remanded.*