## Johnson v. Benjamin Franklin Hotel Company. No. 2

*William Henry Snyder*, for plaintiff.

*Samuel D. Goodis*, of *Sundheim, Folz, Kamsler & Goodis*, for defendant.

CRUMLISH, J., January 15, 1943.— . . . The above-captioned bill in equity was previously before this court on defendant's answer raising preliminary ob-

jections: Johnson v. Benjamin Franklin Hotel Co., 45 D. & C. 192 (1942). In his opinion, dismissing the preliminary objections and ordering defendant to file an answer to the merits, President Judge Oliver pointed out that, under Equity Rule 49, defendant was deemed to have waived its preliminary objections. To the extent, of course, that defendant's objections, thus raised in limine, questioned equity's jurisdiction over the subject matter, they may be raised at any time: Patterson's Estate, 341 Pa. 177, 180 (1941); Wettengel v. Robinson et al., 288 Pa. 362, 367 et seq. (1927); Harrison et al. v. Harrison et al., 107 Pa. Superior Ct. 161, 165 (1932). Plaintiff, in other words, must make out a case entitling her to the relief asked.

After a careful consideration of the principles governing the equitable right to a bill of discovery, the chancellor has concluded that plaintiff has made out a proper case for discovery. Both from the bill and the testimony, there appears not only the right but also the justice of compelling the disclosures sought.

Discovery in aid of an action at law is a well-recognized ground of equitable jurisdiction in this Commonwealth: Yorkshire Worsted Mills v. National Transit Co., 325 Pa. 427, 428 (1937); Compton, Trustee, v. International Harvester Company of America, 297 Pa. 462, 468 (1929); Liegey, Trustee, v. Clearfield Textile Co., 149 Pa. Superior Ct. 433 (1942); Lesser v. Henry, 50 Pa. Superior Ct. 440, 442 (1912). The Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §282, granted to the Courts of Common Pleas of Philadelphia County the jurisdiction of courts of chancery so far as relates to "III. The discovery of facts material to a just determination of issues, and other questions arising or depending in the said courts." See also Act of April 10, 1848, P. L. 448, sec. 4, 17 PS §308, again providing that the Common Pleas Courts of Philadelphia ". . . shall have the same jurisdiction and power in all suits now pending, or hereafter to be

brought, for the discovery of facts, that are now possessed by courts of chancery."; and Act of February 14, 1857, P. L. 39, sec. 1, 17 PS §283, extending the same jurisdiction to all other counties of the State. Basically, a bill of discovery in aid of an action at law is an equitable remedy to enable a litigant to obtain, prior to trial, such information as is necessary to the establishment of the complainant's cause: see Yorkshire Worsted Mills v. National Transit Co., supra, p. 428; Sherwood Bros., Inc., v. Yellow Cab Co., 283 Pa. 488, 491 (1925); 1 Pomeroy's Equity Jurisprudence (5th ed. 1941) 277, sec. 191; 27 C. J. S. 7, §2; 17 Am. Jur. 3, §2.

Discovery as an ancillary remedy is a favored jurisdiction of equity and the right will always be enforced unless some recognized and well-established objection exists in the particular case to prevent or limit its operation: Liegey, Trustee, v. Clearfield Textile Co., supra, p. 437; Compton, Trustee, v. International Harvester Company of America, supra, p. 468; 1 Pomeroy's Equity Jurisprudence (5th ed. 1941) 290, sec. 195. In Bains v. Goldey, 35 Pa. 51 (1860), the Supreme Court adopted the language of Sharswood, P. J., in the lower court opinion, which has been reiterated in subsequent cases:

"Discovery in aid of a suit or defence at law is much favoured in equity. It is important to the just determination of issues, that all material facts should be submitted to the consideration of the tribunal which is ultimately to pass upon the case. Where a party appeals to the conscience of his opponent, to discover facts lying in his own knowledge, it must be some strong equity or stringent rule of policy, that should form a bar to the discovery."

While it is to be noted that the necessity for bills of discovery has, in modern practice, been diminished by statutory enactments and other remedies whereby the same results are obtained, as, for instance, by rule to

produce at the trial of the case under the Act of February 27, 1798, 3 Sm. L. 303, 28 PS §61, subpœna duces tecum, or by calling an adverse party on cross-examination under the Act of March 30, 1911, P. L. 35, 28 PS §381, nevertheless, where books, papers, or records are needed *before* trial or suit brought, the above remedies are inadequate and a bill of discovery may be resorted to as a means of compelling the production of papers for inspection in advance of the trial: Yorkshire Worsted Mills v. National Transit Company, supra, p. 429; Dock v. Dock, 180 Pa. 14, 21 (1897); Lesser v. Henry, supra, p. 444; also to identify contemplated defendants: Compton, Trustee, v. International Harvester Company of America, supra, p. 467; 27 C. J. S. 11, §4.

A bill of discovery for the purpose of obtaining evidence in aid of a legal right does not draw the whole case into equity; the jurisdiction is for discovery only: Liegey, Trustee, v. Clearfield Textile Co., supra, p. 439; O'Donnell v. Morris Run Coal Mining Co., 319 Pa. 293, 297 (1935); The People's National Bank v. Kern et al., 193 Pa. 59, 66 (1899); Lesser v. Henry, supra, p. 443; Henry, Equity Jurisdiction and Practice in Pennsylvania (1933) 209, §106. Therefore, to the extent that defendant company's answer requires of plaintiff proof of the agent's lack of authority, it attempts to make proof of the main fact in controversy between the parties an essential preliminary to the discovery sought. Such determination is beyond the scope of these proceedings.

It is recognized that there are, of course, certain limitations upon the right of discovery. The discovery sought must be incidental to some relief which a court has the right to grant; the plaintiff must show by his averments, at least in a prima facie manner, that he has a good cause of action incidental to which he seeks discovery: Elk Brewing Co. v. Neubert, 213 Pa. 171, 176 (1906); Holland v. Hallahan, 211 Pa.

223, 226 (1905) ; Henry, op. cit., p. 209, §106. Pomeroy op. cit., p. 303, sec. 198; 27 C. J. S. 19, §11. The purpose of the discovery is to enable the party seeking it to make out his cause of action or defense, not to pry into the case of his opponent and to anticipate it: Yorkshire Worsted Mills v. National Transit Co., supra, p. 430; Pension Mutual Life Insurance Co. v. Whiteley et al. (No. 2), 261 Pa. 310 (1918) ; Pomeroy, op. cit., p. 314, sec. 201. Nor will a court of equity grant discovery merely to enable a party to engage in a fishing expedition: Yorkshire Worsted Mills v. National Transit Co., supra, p. 431; Compton, Trustee, v. International Harvester Company of America, supra, p. 467; Keaggy v. Lightcap, 320 Pa. 8, 10 (1935) ; 27 C. J. S. 7, §2. In Yorkshire Worsted Mills v. National Transit Co., supra, the court said (p. 430) :

"The matters about which inquiry is made must bear pertinently upon the matters which he will be required to prove affirmatively at trial . . ."

But even where there may be strong doubts about the materiality of the facts stated and inquired about, it is the rule of a court of equity to require them to be disclosed, leaving it to the court of law to consider and decide the question: Bains v. Goldey, supra, p. 52. In laying down the test as to materiality, the court, in Sherwood Bros., Inc., v. Yellow Cab Co., supra, speaking through Mr. Justice Simpson, said (p. 491) :

"In all such instances, facts are 'material' which tend to establish any of the issues raised, although each of them may be but weak links in the chain of proof leading up to the recovery sought. The statute does not otherwise limit the right to have discovery of such material facts;  nor do the courts, unless it should clearly 'appear on the face of such a bill. that the claim . . . in aid of which discovery was sought, could not be maintained because forbidden by law, or contrary to public policy, or for other such conclusive reason': Lesser v. Henry, 50 Pa. Superior Ct. 440, 443."

That plaintiff has averred, in her bill for discovery, a prima facie cause of action against defendant company, or subsequent endorsers of the checks allegedly wrongfully cashed by defendant, is clear. Nevertheless, defendant vigorously contends that, for three reasons, this is not a proper case for the granting of plaintiff's prayer for discovery:

1. Equity has no jurisdiction over the subject matter of the bill since discovery is not sought in support of an action actually pending.

2. The court is without jurisdiction over the subject matter because plaintiff has neither averred nor proved that this bill is in aid of an action pending *against this defendant*, or about to be brought *against this defendant*.

3. Plaintiff has failed to prove that the information she seeks is in defendant's exclusive possession.

After considering these objections seriatim, the chancellor is of the opinion that each of the objections must fall.

1. Under the acts conferring equity jurisdiction on the common pleas, see supra, it would seem that in order to sustain a bill for discovery it must be shown that there is an issue pending in some court or that some question has arisen or is pending therein: see Mange v. Guenat, 6 Whart. 141, 145 (1841). However, it has been held that a bill of discovery will lie in aid of a contemplated action at law as well as in aid of one already begun: Neel v. Heralds of Liberty, 23 Dist. R. 507 (1914) ; McLarney v. Dutton, 5 Phila. 363 (1864) ; Collom v. Francis, 1 Pars. (Pa.) 527, 531 (1850). Contra: Cheyney's Executors v. The Equitable Life Assurance Society, 16 Dist. R. 765 (1907). In Neel v. Heralds of Liberty, supra, the court considers the same objection as is raised here, and, after referring to all the relevant cases, concludes (p. 509) :

"Respondent's contention that the question involved is controlled by the case of Mange v. Guenat, 6 Whart.

141, is answered by the fact that the case was decided on the statutory law as it stood prior to 1840.

"The case of Cheyney's Executors v. Equitable Life Assurance Society, 16 Dist. R. 765, also cited by respondent, is explained by the plaintiff, who further recites the opinion of Mr. Justice Dean in the case of Blair v. Supreme Council American Legion of Honor, 208 Pa. 262, and the case of Collom v. Francis (1850), Parson's Eq. Cas. 527, which, together with the significant fact that both the well-known digests, 14 Cyc., 306, and 6 Ency. Pl. & Pr., 732, show the weight of authority is unquestionably, that there may be a right to discovery in aid of suits to be brought as well as suits pending."

That this is a correct statement of our law on the point seems entirely clear, especially in the light of other Pennsylvania authorities. See Amram, Pennsylvania Common Pleas Practice (4th ed. 1936) 109, sec. 58; Henry, op. cit., p. 207; 1 Brewster's Pennsylvania Equity Practice (1895), sec. 5470; Pomeroy, op. cit., p. 298, sec. 197($b$); 27 C. J. S. 9, §3, and 19, §11; 17 Am. Jur. 9, §10. Plaintiff here has not as yet commenced legal proceedings, but it is for that very purpose which she brings this bill for discovery—to enable her to identify, after procuring from defendant the evidence requested, the contemplated defendants. As Professor Amram points out: ". . . proper practice requires the use of the bill of discovery."

2. Nor can we sustain defendant's objection to the exercise of equitable relief in this case on the ground that plaintiff has neither alleged, nor proved, that she contemplates bringing an action *against this defendant.* In support of its contention, defendant cites those cases which hold that a plaintiff may not, by a bill of discovery, compel a third person, or merely a witness, to disclose information: see Pension Mutual Life Ins. Co. v. Whiteley et al. (No. 2), supra, p. 311; Rose et al. v. King et al., 5 S. & R. 241, 245 (1819); Phillips v. Kern,

6 Phila. 9 (1865) ; Collom v. Francis, supra, pp. 532, 533; Twells v. Costen, 1 Pars. (Pa.) 373, 382 (1849) ; Wertz v. Pennsylvania Railroad Co., 26 Dist. R. 886 (1917) ; Dehne v. Hillman Investment Co., 110 F. (2d) 456, 458 (C.C.A. 3rd, 1940). Though ordinarily bills of discovery are employed to obtain information from defendants against whom grounds for relief have been or are about to be alleged, the scope of discovery is not limited to that field. Many cases have held, and in many standard texts it has been stated, that a bill of discovery may be maintained to enable the plaintiff to identify contemplated defendants: Compton, Trustee, v. International Harvester Co. of America, supra, p. 467; Dallas Joint Stock Land Bank v. Rawlins et al., 129 S.W. (2d) 485, 486 (Tex. Civ. App., 1939) ; Brown v. Palmer et al., 157 Fed. 797 (U.S.C.C. E. D. of Pa., 1907) ; Kurtz v. Brown, 152 Fed. 372 (C.C.A. 3rd, 1906) ; Brown v. McDonald et al., 133 Fed. 897 (C.C.A. 3rd, 1905) ; Coca-Cola Co. et al. v. City of Atlanta, 152 Ga. 558, 573 et seq., 110 S.E. 730 (1922) ; Bluefield Supply Co. v. Broome, 121 W. Va. 584, 587, 5 S.E. (2d) 530 (1939) ; Clark v. Rhode Island Locomotive Works, 24 R. I. 307, 310, 53 Atl. 47 (1902) ; Hurricane Telephone Co. v. Mohler, 51 W. Va. 1, 11 et seq., 41 S. E. 421 (1902) ; Post & Co. v. Toledo, Cincinnati & St. Louis R. R. Co., 144 Mass. 341, 347, 348, 11 N.E. 540 (1887).

When a plaintiff has a cause of action against persons who are defined, either by statute, or by their relations to property or to a business by the management of which the plaintiff has suffered injury, and the names and residences of these persons are unknown to him, it is not clear that there may not be such a state of facts that a court ought to compel a discovery of the names and residences of these persons from their agents in charge of the property or business, and the decisions recognize that this may sometimes be done: Amram, op. cit., p. 109, sec. 58; Pomeroy, op. cit.,

p. 298, sec. 197(*b*) ; 3 Story's Equity Jurisprudence (14th ed., Lyon, 1918) 520, sec. 1930; 2 Beach on Modern Equity Jurisprudence 923, sec. 858 (1892) ; 27 C. J. S. 11, §4; 17 Am. Jur. 9, §10.

Plaintiff does not here seek a bill of discovery against a mere third party or witness. But without the information she seeks, plaintiff has no means of definitely identifying contemplated defendants: Compton, Trustee, v. International Harvester Co. of America, supra, p. 467; 18 C. J. 1059. True, defendant company gave to plaintiff's agent a list of checks cashed, which plaintiff now has in her possession. But this list does not furnish plaintiff with evidence that the checks thus listed were cashed, *for her dishonest agent,* by defendant's manager. Defendant admits that, after the list was given plaintiff, defendant company informed plaintiff that its records do not show which checks were cashed by Hal Olver. Plaintiff must know specifically which of the checks were cashed, allegedly without authorization, by her agent. Only then can she prepare her case—against defendant company or subsequent endorsers. Therefore, it is no answer to plaintiff's bill to say that plaintiff already has a list of checks cashed by defendant company. The important question is which were cashed by Hal Olver. The records of defendant company may reveal the answer, and if they do plaintiff has every right to that information requested as to the respective checks cashed by her agent in order to identify the parties liable and in aid of any action or actions to be instituted. Defendant, to the extent that it cashed the checks referred to, has acted in a way which, if plaintiff's allegations of her main cause of action are true, has brought injury to plaintiff. Endorsers subsequent to defendant company may ultimately be the parties against whom plaintiff will bring suit, but even should this be the case defendant is not justified in withholding the information requested. From the very nature of the transactions

underlying this case, there is a necessity for plaintiff to come into equity for discovery. Defendant, by its action in cashing the checks, has allegedly caused plaintiff injury, and has thereby brought itself within the rule and authorities cited supra, holding that a bill of discovery may be maintained to enable plaintiff to identify parties liable. Should plaintiff finally sue the subsequent endorsers, it should be remembered that it was defendant's act (endorsement) alone which established the status of subsequent endorsers. Who they are, as to the checks cashed by Hal Olver, can be found out only after plaintiff is informed of the specific checks so cashed. Who they are plaintiff has a right to find out through this bill of discovery. And should plaintiff sue defendant company, only after she knows which checks, and the respective amounts, were cashed by Hal Olver can she prepare her statement of claim.

3. Defendant's final objection is that plaintiff's evidence shows that the information she seeks is not in the exclusive possession of defendant. It is of course well recognized that the information sought must be in the exclusive possession of the adverse party: Meltzer v. Kushin et al., 342 Pa. 84, 86 (1941) ; Yorkshire Worsted Mills v. National Transit Co., supra, p. 428. But defendant would have us construe "exclusive possession" very narrowly. The alternative to defendant's possession of the information requested is the possession of the returned checks by their makers, around 200 out of 25,000 persons plaintiff had circularized in soliciting subscriptions to her enterprises. To bar plaintiff because of such a remote alternative would be to nullify the right to a bill of discovery in many proper cases. The only practical and realistic way in which plaintiff may acquire knowledge of the checks cashed by Hal Olver is through the equitable procedure here adopted. Once plaintiff has in her hand this information, she can then proceed further and procure the actual evidence.

Nor is plaintiff in any sense estopped by the fact her representative was present at the time the list, already given her by defendant, was prepared. The testimony of plaintiff's employe indicates that defendant's agent read off certain amounts and the names of the maker. In the event defendant's records, relative to the checks cashed, are more complete, plaintiff is entitled to such evidence as will enable her to identify the person or persons liable, and in general to aid her contemplated action or actions. This is no fishing expedition. Plaintiff is sufficiently specific in stating a cause of action in aid of which this bill of discovery is brought. She does not ask to search defendant's records in any indiscriminate fashion. Instead, plaintiff sets out, with exactness, the evidence she seeks—evidence directly related and necessary to her contemplated action and which defendant cannot, in equity, withhold. We find here no "strong equity or stringent rule of policy" to bar the discovery: see Bains v. Goldey, supra, p. 52.

### Decree nisi

And now, to wit, January 15, 1943, on consideration of the foregoing cause, it is ordered, adjudged, and decreed as follows:

1. Defendant is directed to make discovery and specially answer under oath the interrogatories attached to and made a part of plaintiff's bill, within 30 days from the date hereof.

The prothonotary is directed to enter a decree nisi in the terms above set forth, and is further directed to notify counsel of the filing of the findings of fact and conclusions of law, and of the filing of this decree, and, if no exceptions are filed hereto within 10 days from the receipt of such notice, the decree nisi shall be entered as the final decree, by the prothonotary, as of course.