BROWN v. McDONALD et al.

(Circuit Court of Appeals, Third Circuit. January 9, 1905.)

No. 38.

1. DISCOVERY—STOCK—NAMES OF OWNERS.

Where complainant, as surviving receiver of a corporation, had been instructed to collect from the holders of the preferred stock thereof a certain installment to pay debts, and alleged that defendants, who were stock brokers, purchased 1,100 shares of the preferred stock of the corporation for persons whose names were unknown to complainant, and caused the same to be transferred to a clerk in defendants' employ, and that defendants, on demand, had refused to disclose the names of the real owners of the stock, complainant was entitled to maintain a bill against defendants to discover the names of such persons necessary to the commencement of a suit at law against them to recover such assessment.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 130 Fed. 964.

Reynolds D. Brown, for appellant.

John G. Johnson, for appellees.

Before ACHESON and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The bill as amended was purely and simply a bill of discovery in aid of a proposed action or actions at law. The defendants demurred. The demurrer was sustained, and the bill was dismissed.

The plaintiff in the amended bill is Arthur K. Brown, who has brought the same as surviving receiver of the American Alkali Company, a corporation organized and existing under the laws of the state of New Jersey.

The amended bill shows that on September 9, 1902, the plaintiff and one Henry I. Budd, Jr. (who since died), were appointed receivers of the American Alkali Company by the Circuit Court of the United States for the District of New Jersey, and the bill recites an order by that court on November 14, 1902, whereby the receivers were "authorized and instructed to collect from the holders of the preferred stock of the American Alkali Company, for the purpose of paying the debts of said corporation, the balance of the first installment of $2.50 per share of the call made by the board of directors on September 16, 1901." The amended bill further sets forth that on September 16, 1901, William J. McDonald, one of the defendants, was the registered holder of 1,100 shares of the preferred stock of the American Alkali Company; that said McDonald then was and is now a clerk in the employ of John W. Sparks and J. Maurice Wynn, copartners trading as J. W. Sparks & Co., the other defendants, who were stock brokers; that the plaintiff is informed and believes, and therefore avers, that said McDonald is not and never was the real owner of said shares of preferred stock or any of them, but that they were purchased by said Sparks and Wynn for the account of persons unknown to the plaintiff, and were placed by them in the name of McDonald for the purpose of

concealing the names of the real owners thereof; that the plaintiff is advised that the persons for whose account the said shares were purchased and placed in the name of McDonald are personally liable for the payment of the call or assessment made on September 16, 1901; that the plaintiff has demanded of the defendants that they disclose to him the names of such persons, but they have refused so to do; and that the plaintiff proposes to bring suit against such persons to recover said first installment of said assessment, amounting to $2,750, as soon as he can discover the same. And the bill prays that the defendants be compelled to answer the bill, and that they be ordered by the court to disclose and discover to the plaintiff the names and addresses of the persons for whose account the said 1,100 shares of preferred stock were purchased and placed in the name of McDonald.

The question we are called upon to determine upon this appeal is whether the plaintiff's amended bill presented a case entitling him to the discovery sought.

It is urged on behalf of the appellees, first, that a bill of discovery merely in aid of a purely legal right is no longer maintainable in a court of the United States; and, second, that if such a bill can now be maintained in a federal court this is not a case in which such a bill is allowable. In support of the first of these propositions we are referred to what was said against the maintenance as a general rule of a bill solely for the sake of discovery, by Mr. Justice Brewer, when sitting at circuit, in Preston v. Smith (C. C.) 26 Fed. 884, 889, and to what was said by the Circuit Court of Appeals for the Fourth Circuit in Safford v. Ensign Mfg. Co., 120 Fed. 480, 56 C. C. A. 630. Now, undoubtedly, section 724 of the Revised Statutes [page 583, U. S. Comp. St. 1901], which empowers the courts of the United States in actions at law to require the parties to produce books and writings, and section 858 [page 659], which makes the parties to a suit at law competent witnesses therein, have removed the necessity of resorting to bills of discovery in ordinary cases, but we are not willing to hold that the statutes have altogether abolished the equitable remedy by bill of discovery. Moreover, this bill is not for the mere discovery of evidence to be used in a trial at law, but it is to ascertain the names of persons against whom intended suits are to be brought to enforce alleged legal claims. There are precedents for such bills of discovery, although the cases are of rare occurrence.

Perhaps the earliest cases sustaining the right to file a bill of discovery to ascertain the proper persons to make defendants in a proposed suit at law are Heathcote v. Fleete, 2 Vern. 442, and Morse v. Buckworth, 2 Vern. 443. In the former of these cases the bill was to discover who was the owner of a wharf and lighter, to enable the plaintiff to bring an action for damages to his goods by the lighter's being overset by the negligence of the lighterman; and in the latter case the plaintiff, a freighter whose goods were burned by the negligence of the master or crew of a carrying ship, brought his bill to discover who were part owners of the ship, to enable him to bring an action. In each of these cases the defendant demurred, but the demurrer was overruled. Another early case in which a like bill of discovery was held good on demurrer was Moodaly v. Moreton, 2 Dick. 652, in which the purpose

of the bill was to enable the plaintiff to ascertain whom to sue at law for his wrongful ouster from leased premises. In the recent case of Orr v. Diaper, 4 Chan. Div. (Law Rep.) 92, it was held that a suit would lie against shipowners who had shipped goods bearing counterfeits of the plaintiffs' trade-mark for discovery of the names of the consignors from whom the goods were received, in aid of contemplated proceedings against the wrongdoers. In overruling a demurrer the Vice Chancellor well said:

"In this case the plaintiffs do not know, and cannot discover, who the persons are who have invaded their rights, and who may be said to have abstracted their property. Their proceedings have come to a deadlock, and it would be a denial of justice if means could not be found in this court to assist the plaintiffs."

In 2 Story's Equity Jur. § 1483, it is said that while in general it seems necessary in order to maintain a bill of discovery that an action should be commenced in another court to which it should be auxiliary, "there are exceptions to this rule, as where the object of discovery is to ascertain who is the proper party against whom the suit should be brought."

The case of Post & Company v. Toledo, etc., Railroad Co. et al., 144 Mass. 341, 346, 11 N. E. 540, 59 Am. Rep. 86, is a pertinent citation in support of the present bill. There a bill in equity was filed to obtain from the defendants discovery of the stockholders of an Ohio corporation in order that the plaintiff might institute a suit in the courts of Ohio against them to collect a judgment which the plaintiff had obtained against the corporation. In overruling a demurrer to the bill the court said:

"The present case must be determined by the principles declared in the few cases where the plaintiff does not know the names of the persons against whom he intends to bring a suit, and brings a bill against persons who stand in some relation to them or to their property, in order to discover who the persons are against whom he may proceed for relief."

We think that the case in hand comes within the principle common to all the foregoing cited decisions. The specific purpose of this bill is to discover who are the real owners of corporate stock alleged to be registered in the name of a nominal holder. Upon the averments of the bill the defendants are not mere witnesses. The bill charges that the defendants Sparks and Wynn purchased the 1,100 shares of preferred stock for account of persons unknown to the plaintiff, and placed the same in the name of McDonald, the other defendant, for the purpose of concealing the names of the real owners. Under this allegation the defendants stand in a confidential relation to the persons for whom the stock was purchased and for whom it is held. The bill also alleges that the plaintiff is advised (presumably by counsel learned in the law) that the persons for whom the said 1,100 shares were purchased and placed in the name of McDonald are personally liable for the payment of the assessment here in question. The plaintiff is proceeding as surviving receiver of the American Alkali Company, and, agreeably to the order of the Circuit Court, directing the receivers to collect from the holders of the preferred stock of the said corporation, for the purpose of paying its debts, the unpaid balance of said assessment.

The bill, we think, sufficiently shows that the plaintiff is justified in his declared purpose to bring suit against the persons for whom it is alleged the 1,100 shares of preferred stock were purchased, and who it is averred are the real owners thereof. Whether or not the persons against whom the plaintiff proposes to bring suit for the unpaid assessment are actually liable therefor is a question not before us for determination, and we intimate no opinion thereon. Undoubtedly the plaintiff has a right to test by suit the alleged liability of the real owners of the stock for the unpaid assessment, and to enable him to do so he is entitled to the discovery prayed for.

The decree dismissing the bill of complaint is reversed, and the cause is remanded to the Circuit Court for further proceedings in accordance with the foregoing opinion.