BROWN v. MAGEE et al. (Circuit Court, E. D. Pennsylvania. February 21, 1906.) No. 15. Overruling Demurrer to Bill of Discovery. Burr, Brown & Lloyd, for complainant. R. M. Schick, for respondents.

HOLLAND, District Judge. The bill filed in this case is for a discovery alone, and the facts are identical with those alleged in the bill in Brown, Receiver, v. McDonald and Sparks, 133 Fed. 897, 67 C. C. A. 59, 68 L. R. A. 462, decided by the Circuit Court of Appeals of this District. The suit is by the same receiver. The reasons given for the decision in the above mentioned case are broad enough to cover the point raised here. For the reasons therein stated, the demurrer is overruled, and counsel is requested to draw a decree in accordance with the prayer contained in the bill and present the same for ap-

---

COLLETTE v. UNITED STATES. (Circuit Court, S. D. New York. January 26, 1906.) No. 3,779. On Application for Review of a Decision of the Board of United States General Appraisers. Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer. D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. This is an appeal by the importer from the decision of the Board of General Appraisers. The merchandise mentioned in the protest consists of 10 barrels of olive oil, upon which the collector charged a duty of 40 cents per gallon under paragraph 40 of the existing tariff act. Act July 24, 1897, c. 11, § 1, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629]. The importer claims that the merchandise is entitled to entry free of duty under paragraph 626. 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685]. A decision adverse to the contention of the importer was rendered by the board solely upon the ground that he was unable to testify from which barrel a sample of the oil produced by him at the hearing was taken. Thereupon the appeal was perfected and further evidence was given in this court by both the importer and the government. Although the importer urges that the olive oil was not wholesome food and was chiefly used for manufacturing and chemical purposes, the proofs show that the merchandise at the time of the importation was a reasonably good quality of olive oil and that it was edible. The sample of olive oil produced by the importer was not wholesome food, but I have an impression that such sample was exposed to the light and air, and hence its condition and purity was impaired. When it was brought into the United States it was edible, and therefore the collector's classification was correct.

---

J. S. PLUMMER & CO. v. UNITED STATES. (Circuit Court, S. D. New York. May 19, 1905.) No. 3,744. On Application for Review of a Decision of the Board of United States General Appraisers. Comstock & Washburn (Albert H. Washburn, of counsel), for importers. Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge (orally). The Board of General Appraisers found that the articles in question contained silk as the component material of chief value without any evidence before them other than the report of the examiner. But an examination of the testimony taken in this court and an inspection of the samples introduced herein sustains the claim of the importers that the silk used in their manufacture is not the component material of chief value. The merchandise is properly dutiable under the provisions of paragraph 409 of Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 189 [2 U. S. Comp. St. 1901, p. 1673], as "hats composed of straw, chip, etc., whether wholly or partly manufactured, but not trimmed, thirty-five per centum ad valorem." The decision of the Board is reversed.