### HUEY et al. v. BROWN.

(Circuit Court of Appeals, Third Circuit. July 1, 1909.)

#### No. 39.

DISCOVERY (§ 8*)—RIGHT TO RELIEF—OWNER OF CORPORATE STOCK—DISCLOSURE—BROKERS.

Where an assessment had been levied on assessable shares of an insolvent corporation previously purchased by brokers from insolvent holders and permitted to remain of record in the name of such prior owners, the corporation's receiver was entitled to maintain a bill for discovery against the brokers to compel them to disclose the name of their principal for whom they purchased the stock.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 8, 9; Dec. Dig. § 8.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 166 Fed. 483.

Samuel W. Pennypacker, for appellants.

Malcolm Lloyd, Jr., Reynolds D. Brown, and Charles H. Burr, for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge. In the court below Arthur K. Brown, receiver of the American Alkali Company, filed a bill of discovery against William G. Huey and George Farquhar. From a final decree ordering discovery respondents took this appeal.

Messrs. Huey & Farquhar were stockbrokers, and as such, and as agents for a principal whose name they are now required by decree of the court below to disclose, they purchased, on August 7, 1899, 300 shares of the preferred stock of the American Alkali Company. At the time of the purchase that stock was, and still is, assessable. It was then registered in the name of George W. Mactague and James Allen, both of whom were then, and are now, insolvent. The new purchaser, instead of having the stock transferred and certificates issued in his name, has, through his agents, the respondents, let the stock stand in the names of Mactague and Allen. Meanwhile the complainant, Brown, was appointed receiver of said company. The latter being insolvent, the Circuit Court, by order

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duly made, directed that the owners of the preferred stock of said company be assessed the sum of $2.50 per share. Thereupon the receiver, finding that Mactague and Allen were insolvent and not the owners of this stock, and that the same had been purchased by the respondents, demanded said assessment from them. This they declined to pay, alleging they were not owners, but had purchased as brokers for a principal whose name they declined to disclose. Thereupon this bill was filed, and the court below, citing Brown v. McDonald, 133 Fed. 897, 67 C. C. A. 59, 68 L. R. A. 462, and Kurtz v. Brown, 152 Fed. 372, 81 C. C. A. 498, overruled a demurrer thereto. The respondents having stood on such demurrer, a final decree was entered thereon.

In the cases cited, the right of this receiver to relief by way of discovery against stockbroker agents of undisclosed owners of stock, who sought to evade assessments, was sustained. Those cases were fully considered by this court, and we see no occasion to recede therefrom. Indeed, in Kurtz v. Brown, wherein it was sought to have this court review and reverse Brown v. McDonald, we then said, and here repeat:

"Examination has deepened our conviction that the decision in Brown v. McDonald, as an application of equitable principles to the facts of the case, was wholly in accord with well-recognized principles of chancery jurisdiction. It exhibits the capacity of the law, while adhering firmly to precedents of far-removed times, to adapt itself to new conditions."

Now we think the facts of this case are such that the principles of Kurtz v. Brown are applicable thereto, and therefore controlling. Here, as there, the respondents are stockbrokers, who admit purchasing the assessable stock in question, but disclaim ownership and liability to assessment on their part. In both cases they are the agents and representatives of undisclosed principals, who do own the stock and by virtue of such ownership are liable for assessments thereon. In both cases the respondents are and were not mere witnesses or strangers to the subject-matter of the suit, but active agents of principals using them to conceal their own identity and to evade a conceded liability which already exists and is not created by discovery. The only difference between the cases is that in Kurtz v. Brown the broker, after purchasing for his hidden principal, had the stock transferred and the certificates issued in the name of a straw insolvent holder. In the present case the brokers, after buying for a concealed principal, kept the stock standing in the name of a straw insolvent holder. In both cases the hidden principal uses his broker agent for the same purpose, viz.:

"By the act of his agent to vest ownership in himself, and at the same time divest the liability incident to such ownership." Kurtz v. Brown, supra.

In the present case the broker's act is one of omission; in Kurtz v. Brown, one of commission. In both cases, the purpose and result are identical; the difference solely of means to effect such result.

The court below was clearly right in holding the cases cited controlled the present one, and its decree is therefore affirmed.