**ARMS & DRURY, Inc., v. BURG.**

No. 6706.

United States Court of Appeals for the District of Columbia.

Decided April 5, 1937.

GRONER, J., dissenting.

———◆——— ...

Benjamin S. Minor, H. Prescott Gatley, and Arthur P. Drury, all of Washington, D. C., for appellant.

R. Sidney Johnson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Cheif Justice.

Appeal from an order and decree of the lower court sustaining a motion by the plaintiff for the production by defendant of certain information for use by the plaintiff in the case.

The plaintiff below, Margurite Louise Burg, filed a bill in the lower court wherein she alleged among other things that on December 12, 1925, one John V. Clark conveyed in fee simple to Martin E. King and plaintiff as joint tenants certain real estate situate in the District of Columbia, and the deed therefor was duly recorded in the District of Columbia deed records; that, afterwards, to wit, on February 24, 1926, a deed of conveyance for a four-fifths interest in the same property was recorded in the deed records of the District of Columbia purporting to be signed by Martin E. King and the plaintiff, conveying said interest to one Edward Whiteside; that at the time of this alleged conveyance the plaintiff was not more than thirteen years of age and she has no knowledge dependent upon her recollection of ever having executed the deed aforesaid from Martin E. King and herself to Edward Whiteside; that since becoming of age she has not ratified or confirmed the same, but repudiated and refused to be bound by it; that afterwards, to wit, on July 14, 1927, a deed of trust on one part of the property was entered of record in the District of Columbia deed records signed by George E. Friedrich and others purporting to convey a part of the premises to Samuel A. Drury and James B. Nicholson, as trustees to secure one J. Edward Stanton in the sum of $3,250 for which amount the grantors had executed to J. Edward Stanton their certain eight promissory notes; that this deed of trust has never been released of record; that on July 14, 1927, a deed of trust upon another part of said premises was entered of record in the deed records of the District of Columbia, executed by George E. Friedrich and others purporting to convey part of said premises to Samuel A. Drury and James B. Nicholson to secure the sum of $3,250, for which amount the grantors had executed and delivered unto J. Edward Stanton their certain eight promissory notes aggregating that amount; that this deed of trust has never been released of record; that on July 20, 1934, a deed of conveyance was entered of record in the District deed records, whereby William S. Friedrich and others purported to convey to Lenwood H. Carpenter and Elizabeth Carpenter a portion of said premises; that on July 20, 1934 a deed of trust executed by Lenwood H. Carpenter and Elizabeth Carpenter to Joseph A. Herbert and others upon part of said premises to secure the sum of $82.50, was entered of record in the District of Columbia, and has never been canceled; that plaintiff did not join in the execution of any of the foregoing deeds; and plaintiff prayed the court to declare the foregoing deeds of trust as well as the deed of conveyance to be null and void and of no effect as to plaintiff's interest in said property.

The appellant, Arms & Drury, Inc., was made party defendant in the case for the purpose, as stated by the plaintiff, "of enabling your petitioner to acquire certain information not known to her, and believed to be in the possession of said corporation."

The only relief sought against Arms & Drury, Inc., is stated by the petitioner as follows: "* * * that your petitioner is informed and believes, and therefore avers that the said J. Edward Stanton was merely a straw party named as payee in these notes for the purpose of passing title thereto, and for this reason is not named as a party defendant herein; that your petitioner is informed and believes, and therefore avers that these notes have been disposed of by sale to various purchasers through the firm of Arms & Drury, Inc., a corporation, who are unknown to your petitioner, and which purchasers are the real parties in interest who will be made parties defendant when their identification is discovered."

On the same day when the bill was filed in the lower court a motion was filed praying the court to direct Arms & Drury, Inc., to produce all of the deeds of trust

notes referred to as aforesaid, together with its books and writings having the names and addresses of the present owners of the notes, and in the event of its inability to produce the notes and show the true and lawful owners at the present time and their addresses, to produce its books showing the names and addresses of the persons to whom these notes were sold by the payee, J. Edward Stanton, or by J. Edward Stanton through Arms & Drury, Inc., or in the event of its inability to do this, to produce such books or writings as will show the names and addresses of the persons to whom the interest on these notes is being paid by Arms & Drury, Inc., at this time, and to produce any and all books and writings that will supply the names and addresses of any persons holding these notes now as the owners, or whom may have held them at any time previous hereto.

Under the rule requiring the plaintiff to state the points and authorities in support of her motion she cites section 1072 of the Code of the District of Columbia (D.C.Code 1929, T. 9, § 19), and rule 42 of the Rules of the Supreme Court for the District of Columbia. She also cites Curriden v. Middleton, 37 App.D.C. 568.

The court thereupon granted the motion of the plaintiff respecting Arms & Drury, Inc., and entered an order and decree requiring them to comply with the terms of said motion. Whereupon this appeal was taken.

We are of the opinion that the appeal should be sustained. An examination of the Code will disclose that section 1072 thereof relates solely to actions at common law, as does also rule 42, these being cited as authority in support of the motion. These provisions, as likewise the reference to Curriden v. Middleton, supra, are not applicable to the present bill applying as it does for equitable relief.

In this case the procedure is regulated by Federal Equity Rule 58 (28 U.S.C. A. following section 723), being Equity Rule 54 of the lower court, which provides that:

"The plaintiff at any time after filing the bill and not later than twenty-one days after the joinder of issue, and the defendant at any time after filing his answer, and not later than twenty-one days after the joinder of issue, and either party at any time thereafter by leave of the court or judge, may file interrogatories in writing for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause, with a note at the foot thereof stating which of the interrogatories each of the parties is required to answer. But no party shall file more than one set of interrogatories to the same party without leave of the court or judge. * * *

"The court or judge, upon motion and reasonable notice, may make all such orders as may be appropriate to enforce answers to interrogatories or to effect the inspection or production of documents in the possession of either party and containing evidence material to the cause of action or defense of his adversary."

Justice Learned Hand in his opinion in Pressed Steel Car Company v. Union Pacific R. Co. (D.C.) 241 F. 964, 966, states the practice as follows: "As a result [of Federal Equity Rule 58], the proper practice in a bill of discovery is now as follows: The plaintiff will plead those facts which entitle him to a discovery from the defendant, and will annex such interrogatories as he wishes the defendant to answer. If the defendant does not dispute the plaintiff's right to some discovery, but objects to some or all of the actual interrogatories annexed to the bill, he will make those objections under rule 58, and bring them on for hearing before the judge. He is not subject to the rule that, by answering one, he must answer all. If, on the other hand, he disputes the plaintiff's right to any discovery, he will plead in an answer such facts as he deems apposite, and obtain from the court, under rule 58, an enlargement of his time to answer the interrogatories until the plaintiff's right to discovery is established."

It seems fitting, however, for us to add that when the proper procedure is followed, meeting the necessary substantive requirements, the court may compel a discovery from the appellants, in so far as the information is within its knowledge, of the names and addresses of the persons who purchased and hold the promissory notes referred to in the motion above set out. Brown v. McDonald (C. C.A.) 133 F. 897, 68 L.R.A. 462; Kurtz v. Brown (C.C.A.) 152 F. 372, 11 Ann. Cas. 576.

We therefore reverse the order and decree of the lower court and remand the case for such further proceedings as are consistent with the foregoing opinion.

Reversed.

GRONER, J., thinks that the plaintiff's motion was a substantial compliance with rule 58 and that the appeal should be dismissed.

ROBB, J., dissenting.