**BRUSSELBACK et al. v. CAGO CORPORATION et al.**

District Court, S. D. New York.

May 20, 1937.

Root, Clark, Buckner & Ballantine, of New York City, for plaintiffs.

Mack, McCauley, Spiegelberg & Gallagher, of New York City, for defendants.

PATTERSON, District Judge.

The question is whether, in a suit in equity to collect an assessment against stockholders in a failed bank, the plaintiffs charg-

ing in the bill that certain of the defendants acted as record owners of shares of stock in behalf of others who were the real owners and whose identity is unknown to them, such defendants may be ordered to answer interrogatories designed to bring out the identity of those for whom they were acting.

The suit is a creditors' bill against more than one hundred stockholders in the Chicago Joint Stock Land Bank. The bill in the charging portion sets forth that the bank was duly declared insolvent, that a receiver was appointed for it, that the debts exceed the assets by $12,000,000, that each of the defendants owe an amount equal to the par value of the shares held by such defendant, and that a decree of assessment binding on all stockholders has been entered in the District Court for the Northern District of Illinois. The bill then proceeds to lay a basis for discovery as to certain defendants. It is averred that the defendant Cago Corporation, holder of record of a large block of shares, was organized in behalf of persons some of whom are unknown to the plaintiffs in an effort to avoid payment of any assessment that might be levied against stockholders; that the corporation was at all times financially irresponsible and lacking in assets out of which to pay an assessment; that it was merely the agent of persons, some of them unknown, who have all along been and still are the real owners of the shares standing in its name; that four individual defendants were incorporators and directors of Cago Corporation and are joined as parties defendant to the end that they may be compelled to make discovery of the persons who are the real owners of the shares standing in the name of Cago Corporation and to the end that the assessment on those shares may be collected from the real owners. Presumably the plaintiffs intend to make the real owners, if any such are revealed, parties by supplemental subpœna and bill. The bill prays for a discovery as well as for a decree to compel payment of the respective assessments. The bill was held sufficient on its face in Brusselback v. Cago Corporation, 85 F.(2d) 20 (C.C.A.2).

The answers of Cago Corporation and of the defendants alleged to have been connected with it deny the allegations relative to the purpose of the organization of that corporation.

The plaintiffs now move under Equity Rule 58 (28 U.S.C.A. following section 723) for leave to file interrogatories addressed to Cago Corporation and to the individual defendants alleged to have been connected with it, and ask for an order directing these defendants to answer the interrogatories. The interrogatories annexed to the motion are designed to elicit the names of the persons behind the Cago Corporation and to elicit also facts concerning its assets and business. The defendants concerned challenge the propriety of the interrogatories on various grounds, the chief one being that the interrogatories propounded to Cago Corporation do not bear on any issue between the plaintiffs and that defendant.

In common practice the purpose of discovery is to obtain evidence for use at the trial, Sinclair Refining Co. v. Jenkins Co., 289 U.S. 689, 693, 53 S.Ct. 736, 737, 77 L.Ed. 1449, 88 A.L.R. 496, and discovery in those instances is confined to the production of facts in issue between the party demanding discovery and the party against whom discovery is asked. By the rules applicable to discovery of that sort the interrogatories in the present case would not be allowable. But there is another use of discovery, relatively rare, and that is in situations where the plaintiff does not know the identity of those against whom he has a claim and brings discovery against persons who stand in some legal or equitable relation to them in order to find out against whom to proceed. An instance is Brown v. McDonald, 133 F. 897, 68 L.R.A. 462 (C.C.A.3), where the discovery allowed was parallel to the discovery demanded by the present plaintiffs. There the receiver of a company in course of collecting unpaid assessments from stockholders brought a bill of discovery against McDonald, Sparks and Wynn, alleging that McDonald was the nominal holder of certain shares of stock; that he was an employee of the other two defendants who were stock brokers; that the shares were put in his name to conceal the names of the real owners who were customers of the stock brokers; that the real owners were unknown to the plaintiff. The bill prayed that the defendants be compelled to reveal the names of the real owners in order that the plaintiff might commence an action at law against them to recover the assessment. The court in sustaining the bill showed that the power of a court of equity to compel discovery in such cases was of long standing.

There are later cases to the same effect. Kurtz v. Brown, 152 F. 372, 11 Ann. Cas. 576 (C.C.A.3), certiorari denied 205 U. S. 544, 27 S.Ct. 791, 51 L.Ed. 923; Huey v.

Brown, 171 F. 641 (C.C.A.3), certiorari denied 215 U.S. 598, 30 S.Ct. 399, 54 L.Ed. 343. See, also, Pressed Steel Car Co. v. Union Pacific R. Co., 240 F. 135, 136 (D.C.N. Y.). These are cases of pure discovery, in aid of a contemplated action at law. It cannot be doubted that equity may give the same measure of relief to plaintiffs with claims cognizable in equity. By the earlier practice the plaintiff would include his interrogatories in his bill. Now under rule 58 he will proceed as the plaintiffs have done here, putting into his bill the facts showing the alleged need of discovery and following up later with interrogatories. The interrogatories therefore are proper in the main.

All of the interrogatories addressed to the defendant Cago Corporation, except 14, 37, 56, 59, 61, and 62 will be allowed. All of the interrogatories to the defendant Devlet and others, except 30, 43, 44, 49, 50, 53–57, inclusive, 83, 84, 89, 93, and 94, will be allowed. The first eleven interrogatories to the defendant Burgheim and others will be allowed.