**FEINSTEIN, Plaintiff, v. CLEVELAND (City), Defendants.**

Common Pleas Court, Cuyahoga County.

No. 643920.   Decided October 2, 1953.

## OPINION

**By THOMAS, J.**

In an action for personal injuries plaintiff claims that while a passenger on a bus of defendant city she was hurt when the bus was negligently brought to a stop with a sudden, violent and unusual jerk.

As one of her specifications she alleges that the defendant city through "its agents and servants, failed to keep a lookout for vehicles on said street."

Joined as a defendant is "John Doe," the unknown operator of an automobile, who is charged with negligently changing "the mode of operation and speed of his automobile" without giving warning.

Plaintiff asserts that she was injured through the concurrent and combined negligence of both defendants. To her petition plaintiff attaches three interrogatories, which read:

1. State whether or not defendant's motor coach bus on which plaintiff was a passenger came in contact with or in close proximity to any other vehicle or vehicles at the time and place referred to in plaintiff's Amended Petition.

2. If the answer to interrogatory No. 1 is in the affirmative, state whether the name and address or license number of the owner or operator of such vehicle or vehicles is known to the defendant corporation.

3. If the answer to interrogatory No. 2 is in the affirmative, state the name and address or license number of such person or persons.

Defendant city's demurrer to these interrogatories was overruled. Defendant city moves for a rehearing.

By §2309.43 R. C. interrogatories may be attached to a pleading which are "pertinent to the issue made in the pleadings." This is construed to mean that the interrogatory can seek information which may be relevant to any issue of the action and to all sides of the case. **Sloan v. Kresge Company, 43 O. O. 407.**

In overruling the demurrer reasons have been given for concluding that plaintiff's interrogatories are pertinent to the issues of this action. They are reaffirmed but will be supplemented.

If the answer to the first interrogatory is "yes" such answer is exceedingly relevant. For if another vehicle was involved in this accident, and the defendant is able to show that the other vehicle was negligent, and that such lack of due care was the sole cause of the claimed sudden stop of the bus, circumstances would warrant recovery for the defendant city. **Schreiber v. National Smelting Company, 157 Oh St 1.**

If the defendant city answers the first interrogatory "yes," questions 2 and 3 become relevant as a means of verifying that affirmative answer.

These interrogatories are relevant on another score. Plaintiff has sued John Doe and claims that in operating the other vehicle such unknown person was negligent and that such negligence was a concurrent cause of plaintiff's injuries.

The plaintiff is entitled to use any available legal means to identify the person sued as "John Doe" in order to make him a party and to serve him in this action. She can secure this information through written interrogatories propounded by a petition for discovery under §2317.48 R. C., or attached to her petition under §2309.43 R. C. Compare **Collins v. Yellow Cab Co., 157 Oh St** at 316.

Though the defendant city is a municipal corporation it must answer interrogatories the same as an individual party. For **§2309.43 R. C.,** specifies that interrogatories

"shall be plainly and fully answered under oath by the party to whom they are propounded, **or if such party is a corporation, by the president, secretary or other officer thereof,** as the party propounding requires." (Emphasis added.)

Since "corporation" is not qualified either as private or public it is deemed to include both types.

In the very nature of a corporation the knowledge of the city is derived from and coincidental with that of its bus driver, and other agents and employees. Accordingly as Judge Jones of the United States District Court for Northern Ohio recently held in construing the comparable language of Rule 33 (Interrogatories) of the Federal Rules of Civil Procedure

"A corporation cannot avoid answers by an allegation of ignorance, if it can obtain the information from sources under its control, although it may qualify its answers to show its source in order to avoid admission of something which it does not admit."

Hornung v. Eastern Automobile Forwarding Co. 15 Fed. Rules Service 582.

So far it has been seen that the object of an interrogatory must be a fact which may be relevant to the issues of the action; and that corporate parties, private and public, as well as individual parties must respond to interrogatories.

There is one additional attribute of a proper interrogatory.

A reasonable reading of the interrogatory provision, §2309.43 R. C., and the privileged testimony statute, §2317.48 R. C. indicates that these sections should be construed conjunctively, and that the former is modified by the latter.

Hence it is concluded that an interrogatory cannot invade privileged information.

In moving for a rehearing on its demurrer to plaintiff's interrogatories the defendant relies on the defense of privileged communication. It argues that the plaintiff would have no right to subpoena the accident report because it was "made by the operator immediately after the accident as a result of the accident and which is a report from defendant's operator to defendant's general counsel and his assistants and his aids, for the purpose of defending against possible litigation."

It is true the Supreme Court has held that accident reports, thus prepared,

"are privileged communications, and that no one can be required to produce them in an action relating to such accident and brought by and against said party."

**In Re: Story, 159 Oh St 144 at 147.**

From this position defendant argues that "it necessarily follows that the plaintiff cannot ask for information which is found only in the accident report."

Thus defendant city's argument is that since the entire accident report has been held to be a privileged communication a fortiori each part of the report must also be a privileged communication. Does this conclusion follow the premise? Analysis indicates not.

An accident report may contain matters regarded as privileged communications. For instance, if after the claimed sudden stop of his bus the bus operator obtained, as possible witnesses, the names of passengers or any onlookers, the inclusion of these names in an accident report would be clearly privileged on authority of **In Re Shoup, 154 Oh St 221.**

Collaterally it may be noted that if this defendant were sued in Federal Court by a citizen of another state both parties would have to furnish the other side, on subpoena or by interrogatory, "the identity and location of persons having knowledge of relevant facts." (Rules 26b and 33 of the Federal Rules of Civil Procedure.)

Further if the accident report contains a statement of the bus operator, taken for use by the attorneys of defendant city in the event of litigation, such statement would be privileged from production.

If an accident report embracing either the names of witnesses, or a statement of the bus operator prepared for use in litigation, or any other equally privileged communications between attorney and client, were subject to production by subpoena, it is evident that upon the production of the entire document, included privileged matters would thereby be revealed.

Therefore to shield the privileged portions of an accident

report it is necessary to privilege the entire report from production.

But an accident report may also contain information which is not privileged.

Thus the number or other identification of the bus on which the plaintiff was riding, and the identity of the bus driver are unprivileged facts which do not become privileged by being incorporated in an accident report, which is customarily turned over to counsel for the defendant city. **In Re Keough, 151 Oh St 307.**

The identity of another vehicle to this occurrence, if another one existed, is a similar relevant physical fact, whose lack of privilege can be easily demonstrated.

If the bus operator on deposition or at trial were asked the names of witnesses secured after the occurrence he would not have to divulge them because such information is regarded as privileged.

But if he were asked about the existence or the identity of another vehicle he would most certainly have to testify concerning such a centrally relevant fact.

Thus the existence and identity of the other vehicle considered apart from the accident report stand boldly as unprivileged physical facts of this occurrence.

Unprivileged in character, and vitally essential to a just determination of the plaintiff's claim, such a public fact cannot be made the private property of either party by labeling it a confidential communication between client and attorney.

Physical facts include tangible evidence. Tangible evidence illustrates how justice would be thwarted if physical facts could be privileged from disclosure.

If the plaintiff in this case had been standing and fell and her fall was in part the result of excessively high heeled shoes such shoes would clearly be relevant physical evidence in this case. Manifestly such shoes would not be rendered immune from compulsory production because the plaintiff turned them over to her attorney in a communication between client and attorney.

Secondly, if it were believed that this bus stopped suddenly because of a defective brake, that brake could not be saved from mandatory inspection because the brake was removed from the bus and turned over to counsel for the defendant city in a confidential communication.

The foregoing considerations necessitate the conclusion that one of the rules of discovery should be that all relevant physical facts within the knowledge or under the control of one party should be subject to disclosure either through

deposition or interrogatory procedure brought by the adverse party, and this is true even though proof of such facts may have been placed in the hands of counsel for the first party in connection with or as part of accident reports or other communications which may be privileged.

Applying this rule in this situation the motion for rehearing will be overruled.