643 A.2d 482

**Martha Mae WIANT**

v.

**Christopher John HUDSON.**

**No. 1113, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

June 29, 1994.

William M. Ferris (Krause & Ferris, on the brief), Annapolis, for appellant.

No brief or appearance by appellee's counsel.

Argued before BISHOP, MOTZ * and MURPHY, JJ.

MURPHY, Judge.

On July 14, 1989, Martha Mae Wiant, appellant, filed a complaint in the Circuit Court for Prince George's County, alleging that on August 29, 1986, she had been injured in an auto accident caused by the negligence of Christopher John Hudson, appellee. Appellant attempted to serve appellee with a copy of the complaint by sending a process server to the address he gave her at the accident scene. That attempt was unsuccessful. On September 27, 1989, appellant's counsel, William M. Ferris, Esq., received the following letter from another member of the Maryland bar:

---

* Judge Motz participated in the argument and decision in this case but resigned from the Court prior to the filing of the Opinion.

September 20, 1989

. . . .

Re: Martha M. Wiant v. Christopher John Hudson

Dear Mr. Ferris:

Please be advised that I have been retained by USF & G to defend Mr. Hudson in the above-captioned matter. After you have obtained service, could you please notify me when you served him so that I might so [sic] whatever is necessary.

Thank you for your help.

Very truly yours,

/s/

On November 2, 1989, appellant's process server made a second attempt to serve appellee at the same address. That attempt was unsuccessful as well. On June 1, 1990, Mr. Ferris requested that a subpoena duces tecum be issued to the "Authorized Representative of the United States Fidelity and Guaranty Insurance Co. c/o Maryland Insurance Commissioner" for a deposition at his office in Annapolis, Maryland. That request sought (1) all records indicating the name and address of the policy holder whose vehicle was driven by appellee when the accident occurred, and (2) all records indicating the types and amounts of insurance coverage supplied under that policy. On June 21, 1990, the attorney who wrote the September 20, 1989 letter filed a motion to quash that subpoena on behalf of USF & G, contending that (1) service of the subpoena on the insurance commissioner was improper, (2) the place for the deposition was improper, (3) the subpoena sought privileged documents, and (4) appellant failed to give USF & G at least 30 days notice as required by Md.Rule 2–412(c). On June 28, 1990, USF & G's motion to quash was granted.

On July 13, 1990, appellant filed a revised request for subpoena, which provided as follows:

Please issue a subpoena duces tecum for the below named individual to appear for the purposes of deposition in the offices of Semmes, Bowen & Semmes, Attorneys at Law,

250 West Pratt Street, Baltimore, Maryland 21201, on August 15, 1990, at 11:00 a.m.

United States Fidelity & Guaranty Insurance Company

c/o Resident Agent:

William F. Spliedts

100 Light Street

Baltimore, Maryland 21202

The said representative is requested to bring with him or her any and all records indicating the name and address of the policy holder of a certain automobile which was insured by the USF & G Insurance Company being driven by Christopher John Hudson, which automobile was involved in an accident with an automobile operated by the above-captioned Plaintiff on August 28, 1986, in Baltimore, Maryland, said accident being referenced by USF & G Insurance Company member claim number 0400 AL 046478 01 07. Said representative is further requested to bring with him or her any and all records indicating the types and amounts of insurance coverage under the aforementioned automobile insurance policy.

On July 18, 1990, through the same counsel, USF & G filed another motion to quash, contending that (1) the documents appellant sought were privileged, and (2) USF & G's resident agent was an improper deponent. That motion was granted on August 8, 1990.

On June 5, 1991, appellant filed a motion to substitute service on appellee by delivering the summons and complaint to the lawyer who had written to Mr. Ferris and who had filed the motions to quash on behalf of USF & G. Appellant's counsel did not request a hearing and did not attach a certificate of service to that motion. Appellant asserted that (1) five unsuccessful attempts had been made to serve appellee, (2) appellee could not be served because (a) he no longer resided at the address listed on his driver's license, (b) he left

no forwarding address with the persons who currently reside at his old address or with the post office, and (3) justice and reason dictated that the court should permit substituted service on the attorney retained by USF & G to represent appellee. On June 11, 1991, that motion was denied.

On June 15, 1992, the clerk of the circuit court filed a "Notification to Parties of Contemplated Dismissal" for lack of prosecution. Appellant filed a motion to defer dismissal. That motion was granted, extending the deadline until February 4, 1993. The circuit court later extended the deadline to May 24, 1993. On May 21, 1993, however, appellant's case was dismissed for lack of prosecution.

Appellant presents the following questions for our review:

I. Where a Party's whereabouts are unknown but he or she is represented by an interested insurance company, may the insurance company be deposed for the purpose of locating that party?

II. Where an attorney purporting in writing to represent a party defendant whose whereabouts are unknown to plaintiff writes to plaintiff's counsel stating that he or she represents the defendant and should be contacted when plaintiff obtains service on the defendant, may service of process be made on the attorney who represents the defendant?

III. Where a trial court has entered an order deferring dismissal under Rule 2–507 has been entered, may the trial court *Sua Sponte* dismiss the suit prior to the date stated in the order for completing the case?

## I.

Appellant contends that the trial court erred by denying her the right to depose a representative of USF & G for the purpose of locating appellee. We agree. Maryland Rule 2–411 provides:

DEPOSITION—RIGHT TO TAKE

Any party to an action may cause the testimony of a person, whether or not a party, to be taken by deposition for the purpose of discovery or for use as evidence in the action or for both purposes. Leave of court must be obtained to take a deposition (a) before the earliest day on which any defendant's initial pleading or motion is required.... Leave of court may be granted on such terms as the court prescribes.

Rule 2–411 is similar to FED.R.CIV.P. 30.[1] Leave should be granted "only when some unusual circumstances or conditions existed that would be likely to prejudice the party if [s]he were compelled to wait the required time." *Gibson v. Bagas Restaurants, Inc.*, 87 F.R.D. 60, 61 (1980), *citing* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2104 at 384 (1970). This is such a case.

Fundamental fairness requires that, except in extraordinary circumstances not present in this case, the merits of a claim or defense should be submitted to a factfinder. *Schwartz v. Merchants Mort. Co.*, 272 Md. 305, 309, 322 A.2d 544 (1974); *Fleisher v. Fleisher Co.*, 60 Md.App. 565, 571, 483 A.2d 1312 (1984). Appellant should not have been denied an opportunity to discover the location at which appellee could be served. Many jurisdictions have allowed a plaintiff to discover a defendant's identity and/or whereabouts so that the defendant can be served. *Feinstein v. City of Cleveland,* 67 Ohio Law Abs. 578, 121 N.E.2d 112, 113–114 (1953); *Peterman v. Schpelman,* 274 A.D. 901, 82 N.Y.S.2d 811, 812 (1948); *Brown v. McDonald,* 133 F. 897, 899 (3d Cir.1905); *see also Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc.*, 403 U.S. 388, 390, 91 S.Ct. 1999, 2001, n. 2, 29 L.Ed.2d 619 (1971),

---

**1. Rule 30—DEPOSITIONS UPON ORAL EXAMINATION**

**(a) When Depositions May Be Taken.** After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition prior to the expiration of 30 days after service of summons and complaint upon any defendant or service made under Rule 4(e)....

wherein plaintiff was permitted to file a complaint against unidentified federal agents who were thereafter served with the complaint by order of the District Court.

■ We agree with the opinions holding that the adverse party's address is not privileged and, except where a party's safety is at risk, must be disclosed by that party's counsel upon request. *Matter of Jacqueline F.,* 47 N.Y.2d 215, 417 N.Y.S.2d 884, 888, 391 N.E.2d 967, 971 (1979); *Sunga v. Lee,* 13 Ill.App.2d 76, 141 N.E.2d 63, 66 (1957).

Appellant's first request for subpoena was properly denied for improper notice and location of the deposition. The assertions that appellant's counsel has made a diligent inquiry to locate appellee, but has been unable to find and serve him were not challenged in USF & G's answer to the July 13, 1990 request for subpoena. Under the circumstances, appellant was entitled to discover the whereabouts of appellee. We are persuaded that USF & G's motion to quash appellant's second subpoena should have been denied.

■ Md.Rule 2–412(d) provides that

[a] party may in a notice and subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, managing agents, or other persons who will testify on its behalf. . . . A subpoena shall advise a nonparty organization of its duty to make such a designation. . . .

Appellant's second subpoena did not seek to depose USF & G's resident agent. That designation was merely the means by which the subpoena was to be delivered. The subpoena correctly identified USF & G as the deponent. USF & G did not raise, and therefore waived, any objection to appellant's failure to comply with Md.Rule 2–412(e), which required appellant to "advise [USF & G] of its duty to [designate a representative]." On remand, the circuit court should issue the subpoena duces tecum requested by appellant's counsel.

## II.

Appellant next contends that the trial court erred by denying his request to substitute service of process on the attorney hired by USF & G to represent appellee.

Md.Rule 2-121 provides in part:

PROCESS—SERVICE—IN PERSONAM

(a) **Generally.**—Service of process may be made within this State or outside this State when authorized by the law of this State, by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it, or by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail....

(b) **Evasion of Service.**—....

(c) **By Order of Court.**—When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, *the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.*

(Emphasis added). Service may be made upon a defendant's agent who is authorized by appointment or by law to receive service of process. Md.Rule 2-124(a). *Couch on Insurance* § 73:184 (2d ed. 1983) provides:

Where a motorist who was a resident at the time of the automobile accident thereafter disappeared and could not be served with process by any of the usual modes of service, the trial court should order substituted service by service on the motorist's liability insurer which has the right and duty to defend the action against the insured and thus has a representative role, together with service by ordinary mail to the motorist at his last known address, and notice to the Unsatisfied Claim and Judgment Fund so that it will be apprised of a situation with which it might be concerned.

There is substantial support for this proposition. *See Feuchtbaum v. Constantini,* 59 N.J. 167, 280 A.2d 161, 166–167 (1971); *Dobkin v. Chapman,* 21 N.Y.2d 490, 289 N.Y.S.2d 161, 168, 236 N.E.2d 451, 458 (1968); *Saucedo v. Engelbrecht,* 149 Ariz. 18, 716 P.2d 79 (App.1986) (wherein service by publication and notice to insurer was sufficient). It is entirely consistent with Md.Rule 2–121(c).

Under the circumstances of this case, if appellant persuades the circuit court that (1) a USF & G policy provided liability coverage to appellee at the time of the accident, (2) appellant has made every reasonable effort to serve process on appellee by the usual modes of service, and (3) appellee cannot be served by any of those modes, the court should order substituted service on USF & G or on the lawyer it retained to represent appellee in this case. The record before us, unfortunately, shows that appellant's counsel did not provide USF & G's counsel with a copy of the motion to substitute service. Although Rule 2–121(c) does not contain a notification requirement, because appellant's counsel was well aware that USF & G had retained counsel, he should have provided USF & G's counsel with a copy of the motion, and should have certified to the circuit court that such notice had been provided. This procedural oversight may, in fact, have been the basis for the circuit court's denial of appellant's motion.

On remand, if appellant's counsel elects to pursue the motion for substituted service instead of attempting to obtain the appellee's whereabouts by deposing USF & G, he should file another motion seeking such relief, request a hearing on that motion, and mail a copy of that motion and request for hearing to the attorney retained by USF & G. The attorney retained by USF & G must be given an opportunity to file a response. Md.Rule 2–311. Having reviewed the information in the petition that was filed with the circuit court, we are persuaded that appellant's request should be granted unless the response from USF & G's counsel alleges the existence of facts that would make substituted service inappropriate in this

case. If such a response is filed, an evidentiary hearing will be required to resolve the issue of whether appellant's motion for substituted service should be granted.

### III.

Appellant contends that the trial court should not have dismissed her case before the deferral period had lapsed. We agree. According to Maryland Rule 2–507(e):

> On motion filed at any time before 30 days after service of the [Notification of Contemplated Dismissal] the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper.

In *Powell v. Gutierrez*, 310 Md. 302, 308, 529 A.2d 352 (1987), the Court of Appeals stated:

> Neither Rule 530 nor Rule 2–507 was promulgated to penalize plaintiffs for having lax attorneys. Their primary focus was on pruning the docket of dead cases. A dead case is one in which neither party demonstrates an interest in having the issue resolved. This circumstance occurs for varying reasons, *i.e.*, the parties may leave the jurisdiction, they may settle their dispute, or other circumstances may make the issue no longer viable. In any event, parties often neglect to dismiss their suits when their reasons for further prosecution have dissipated. These are the kind of cases that Rule 2–507 was devised to eliminate under a simple procedure.

On two occasions, the circuit court found good cause to defer dismissal. The "Notice of Case Dismissal" states:

> Whereas, an order deferring dismissal of the within-captioned action having been entered pursuant to Rule 2–507(E) on 2–22–93 and providing that it be terminated by 5–25–93

> Whereas, the terms of the order deferring dismissal not having been satisfied by the parties within the time prescribed, it is this 21 day of May 1993, ordered that this action is dismissed for lack of prosecution (with/without) prejudice.

That notice was erroneously docketed before the second order of deferral lapsed. We hold that appellant's case must be reinstated, and that the one-year period provided for in Md.Rule 2–507(b) shall commence on the date that the circuit court receives our mandate.

**JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; APPELLEE TO PAY THE COSTS.**